COLQUITT & BAGGS *et al.*, plaintiffs in error, *vs.* P. H. OLIVER, defendant in error.

1. Where a verdict was rendered in the County Court prior to its abolishment, and an appeal entered after, but within the four days allowed by law, the judgment entered against the security on appeal on the second trial, was valid.
2. The acceptance of the appeal bond by the County Judge was a ministerial and not a judicial act; It was nothing more than the transmission of the unfinished business of the County Court to the Superior Court.

County Court. Appeal. Judgment. Before Judge CLARK. Sumter Superior Court. April Adjourned Term, 1873.

For the facts of this case, see the decision.

W. B. GUERRY; HAWKINS & GUERRY; B. P. HOLLIS, for plaintiffs in error.

C. T. GOODE; ALLEN FORT, by N. A. SMITH, for defendant.

WARNER, Chief Justice.

On the 20th of July, 1868, a verdict was rendered in the County Court of Sumter, in favor of Oliver against Adams. On the 24th July, 1868, an appeal was taken by Adams, who executed his appeal bond before the County Judge, with Foster as his security, which was entered on the record book of said Court, and the case was transmitted to the Superior Court, in which a trial was had, and a verdict rendered against Adams on the appeal trial, upon which, judgment was entered against Adams, and Foster as his security on the appeal.

The property of Foster having been sold by the sheriff, and the money arising from the sale thereof being in the sheriff's hands, on a motion to distribute the same, Colquitt & Baggs, and others, being junior judgment creditors of Foster to Oliver's judgment, moved the Court to set aside Oliver's judgment obtained against Foster, as security on the appeal for Adams, on the ground that the judgment was void as to them, inasmuch as the appeal from the verdict in the County Court was taken, and the appeal bond executed before the County Judge after the County Court was abolished by the adoption of the Constitution of 1868, on the 21st day of July of that year. The Court refused the motion, and ordered the money in the hands of the sheriff to be paid to Oliver's execution, which was the oldest. Whereupon, the other judgment creditors of Foster excepted.

1. The verdict against Adams was rendered before the County Court was abolished by the Constitution of 1868, and he then had the legal right to appeal therefrom within four days, by paying costs and giving security, which was done, and the case transmitted to the Superior Court, as provided by law.

2. The taking the bond and security by the County Judge, on the records of that Court, was a mere *ministerial* and not a *judicial* act; it was nothing more than a transmission of the unfinished business of the County Court to the Superior Court, and, in our judgment, the appeal was not void, nor was the judgment rendered thereon in the Superior Court, against the security on the appeal, void, under the provisions of the Constitution of 1868.

Let the judgment of the Court below be affirmed.