### BENTLEY *vs.* GAY.

Where four suits were pending on appeal in the superior court, arising under the same contract, involving the same pleas, and upon which the same verdict must have been rendered, there was no error in consolidating and trying them together.

Practice in Superior Court. Appeals. Before Judge STEWART. Rockdale Superior Court. February Adjourned Term, 1881.

Reported in the decision.

J. N. GLENN; L. E. BLECKLEY, for plaintiff in error.

GEO. W. GLEATON, for defendant.

SPEER, Justice.

The defendant in error caused a *fi. fa.* in his favor to be levied upon certain real estate in the possession of plaintiff in error, to which he interposed his affidavit of illegality, and also a claim to the property levied on as having been exempted and set apart to him for the benefit of his fami-

v 67—43

ly under the homestead laws of this state. On the trial of the issue made on said illegality and claim, under the evidence and charge of the court, the jury found the issue in favor of the plaintiff in *fi. fa.*, and against said illegality, with twenty per cent. on the principal of said *fi. fa.* for damages against the defendant. Whereupon defendant made a motion for a new trial on various grounds set forth in the record, which the court overruled, and defendant excepted.

The first ground of the motion, and the only ground relied upon by counsel before this court, was: Because the court erred in striking the first ground of illegality to plaintiff's *fi. fa.*, which was as follows: " Because the said mentioned *fi. fa.* and judgment upon which it is founded is null and void, being based upon four separate suits on the appeal from the county court, each suit being for one hundred dollars; and that said four cases were submitted without an order to consolidate on the minutes ; and the jury trying said causes rendered only one verdict and judgment. The foundation of said *fi. fa.* was taken thereon without authority of law, and that there should have been a verdict in each case, hence said *fi. fa.*, and judgment is void and inoperative."

Was there error in the court below in sustaining the demurrer to this ground as above set forth in the illegality, and striking the same ?

We think the principle involved in this question was ruled in the case of *Howard vs. Chamberlain, Boynton & Company*, in 64 *Ga.*, 684. That was a case involving five appeal cases from a justice court, and which when called in the superior court, over the *objection of plaintiff*, the court ordered consolidated and tried together. This court holding "suits between the same parties arising under the same contract involving the same pleas and upon which the same verdict must be rendered, are properly consolidated." Here the record shows these suits pending below "were between the same par-

ties, were made under the same contract and involved the the same pleas, and upon which the same verdict was to be rendered." It will be seen from the affidavit filed that the defendant below does not deny that no order was taken or his consent given to the consolidation of these cases in the superior court, but merely that said cases were submitted without an order to consolidate *on the minutes.* If this should be so, the order can be entered *nunc pro tunc.* His consent was not a necessity, but the consolidation was a matter in the discretion of the court, where the parties, the contract, the pleas and the verdict to be rendered were all the same.

Let the judgment below be affirmed.