HOWARD, administrator, *vs.* GREGORY *et al.*

1. Where one who was the administrator *de bonis non* of one deceased, and also the administrator of the wife of such decedent, reduced the property of the two estates to money and cited the heirs at law of both decedents, who were the same in each case, to a set- tlement before the court of ordinary, and by consent the two cases were tried together, and upon an appeal to the superior court they were again tried together under the same consent, and a mistrial resulted, there was no error, upon a second trial, in overruling an objection by the administrator to their being again tried together and ordering them to be so tried, although no order for consolida- tion had been taken, the question in the case being whether the money returned by the administrator as belonging to the one of the estates in fact belonged to the other, and the effect thereof upon advancements made to certain of the heirs.

2. The case has been fairly tried; the verdict was supported by the evidence; and there was no error in refusing to grant a new trial.

January 13, 1888.

Adminstrators and Executors. Practice in Superior Court. New Trial. Before Judge BOYNTON. Rockdale Superior Court. February Adjourned Term, 1887.

Reported in the decision.

A. C. McCALLA, for plaintiff in error.

G. W. GLEATON ; A. M. HELMS, for defendants.

BLANDFORD, Justice.

Howard became the administrator *de bonis non* of the estate of Benjamin Gregory, deceased, and became also the administrator of Elizabeth Gregory. Having reduced the property of these two estates to money, he cited the heirs at law of Benjamin Gregory and the heirs at law of Eliza beth Gregory to a settlement before the court of ordinary. They appeared before the court of ordinary, and by con sent, the two cases of Howard, administrator of Benjamin Gregory, and Howard, administrator of Elizabeth Gregory, were tried together in that court. An appeal was taken to the superior court, and by the same consent, the two cases were tried together in the superior court, and a mis trial was had. The case came on for a further trial, and Benjamin Gregory, Jr., and Elizabeth Sims moved to try the two cases together again. This was objected to by Howard, the administrator. The court overruled the ob-jection, and directed the two cases to be tried together. The trial was had before a jury, and the jury found a verdict in favor of Elizabeth Sims and Benjamin Gregory, Jr. A motion for a new trial was made upon several grounds, the main grounds being that the court erred in directing the two cases to be tried together.

1. The two cases could only be tried together upon an order consolidating them. These parties, however, had consented that they should be tried together in the supe-rior court, and also in the court of ordinary ; and it may

be very fairly inferred that, although no order was taken consolidating them, the parties in effect did what ought to have been done. The cases involved what was due the heirs at law of Benjamin Gregory, deceased, and the heirs at law of Elizabeth Gregory, the wife of Benjamin Gregory, deceased, the heirs at law being the same in both cases; and we do not see very well why the cases should not have been tried together. The only point insisted on by the caveators, Benjamin Gregory, Jr., and Elizabeth Sims, was, that the money returned by the administrator, Howard, as belonging to the estate of Elizabeth Gregory, really and in fact belonged to the estate of Benjamin Gregory. We do not think that the court erred in trying the two cases together, if indeed he did try them together. The jury found that the money belonging to the estate of Elizabeth Gregory, according to the returns of the administrator, belonged to the estate of Benjamin Gregory, deceased, and was to be distributed under that estate; the difference being that some of the heirs at law of Benjamin Gregory, deceased, had advancements made to them, while Benjamin Gregory, Jr., and Elizabeth Sims, the caveators in this case, contended that no advancements had been made to them, and therefore they were entitled to a larger amount than the heirs at law of their father, Benjamin Gregory. A great deal of testamony was had upon this question.

2. It appears to us that the case was fairly tried by the judge of the superior court, and that the jury found a verdict which was supported by the evidence. It does not appear to us that the judge committed any error of law. We do not see any reason why a new trial should be granted, and none has been suggested in the argument of counsel before us. Justice has been reached by the verdict, and we think there ought to be an end to this litigation. The estate is very small. Mr. Howard, the administrator, has not been ordered to pay out anything that he did not have in his hands; nobody is complaining in this case but him. None of the other heirs at law, who were

cited to appear to defend this or witness this settlement, make any complaint whatever.

What may be the effect of the judgment rendered in this case we do not at this time pass upon; it is not before us.

Judgment affirmed.