BROOKS *v.* MAIR.

Under the provisions of the act abolishing the city court of Spalding county, considered in connection with the act establishing the city court of Griffin, the latter court has jurisdiction and authority to deal with and dispose of all the unfinished business of the former.

Submitted May 4, — Decided May 31, 1899.

Petition to quash execution, etc.   Before Judge Hammond. City court of Griffin.   September term, 1898.

*T. E. Patterson*, for plaintiff in error.
*Charles E. Hawker*, contra.

LUMPKIN, P. J.   A city court for the county of Spalding was established under the provisions of the act of October 19, 1891. See Acts 1890–91, vol. 1, p. 96.   At the March term, 1897, of that court, a verdict was rendered in favor of Mair against Brooks, but no lawful judgment was entered upon the same, the judge merely making the following entry under the verdict: "Judgment accordingly.   This Mar. 4th, 1897."   Upon this an execution was issued in Mair's favor.   That court was abolished by an act approved December 14 of the year last mentioned.   Acts 1897, p. 529.   On December 16 of the same year, the General Assembly passed an act establishing "the city court of Griffin, in Spalding county."   Acts 1897, p. 462. Mair thereupon presented to the new court a petition, containing the necessary allegations, and praying that an order be passed quashing the above-mentioned execution and allowing him to enter up a proper judgment nunc pro tunc.   This petition was granted, and Brooks excepted.   By his bill of exceptions he presents the single question whether or not the new

city court had jurisdiction to grant the order of which complaint is made. His contention is, that this court is an entirely distinct and separate tribunal from the original city court of Spalding county, which was abolished, and therefore could not, without express legislative authority, "correct the minutes and records of the old court," and that the only remedy open to Mair was an equitable petition addressed to the superior court of that county.

Construing together all the provisions of the two acts of 1897 above cited, we have reached the conclusion that the General Assembly intended to confer upon the new city court jurisdiction and authority to deal with all the unfinished business of the old city court, and, in that connection, to pass any appropriate and necessary order. The matter to which the petition presented by Mair related should certainly be regarded as unfinished business of the old court. He had a lawful verdict, but no formal judgment thereon; and accordingly, his original action against Brooks should be considered as one which had not been finally disposed of, no proper judgment having been duly entered. The following extracts from the two acts mentioned seem to eliminate all doubt that the General Assembly intended to confer on the city court of Griffin jurisdiction to pass the order to which exception is taken. The abolishing act provided: "That all cases pending in said city court of Spalding county shall be transferred to the city court of Griffin, to be disposed of as other cases therein. . . That all mesne and final process from the city court of Spalding county, which has not been executed, shall be returnable to the city court of Griffin, and all claims and illegalities and other issues arising from the execution of such process shall be returnable as though such process had issued from the city court of Griffin. . . That all mesne and final process from the city court of Spalding county, not executed when this act goes into effect, may be executed by the officers having the authority to execute similar papers from the city court of Griffin;" and "that all dockets, minutes, records, books and papers of the city court of Spalding county shall be turned over to the clerk of the city court of Griffin." Section 28 of the act establishing this latter

court reads as follows: " Be it further enacted by the authority aforesaid, that all cases, civil and criminal, now pending and undisposed of in the city court of Spalding county shall be, and the same are hereby, transferred to the said city court of Griffin, and the same shall be tried and disposed of as other cases in the city court of Griffin; all dockets, records, books and papers of the city court of Spalding county shall be turned over to be used and disposed of by the city court of Griffin. All final and other processes heretofore issued returnable to the city court of Spalding county shall be returnable to the city court of Griffin. The judge and other officers of the city court of Griffin shall have power and authority to enforce in the name of the city court of Griffin any and all processes in any case from the city court of Spalding county, necessary to the final disposition of the same, which for any cause have not been issued and disposed of by the officers of the city court of Spalding county. All fi. fas. and processes not satisfied issued from the city court of Spalding county may be enforced and levied by the officers of and in the same manner as similar papers from the city court of Griffin." Acts 1897, p. 469.

. We are satisfied, in view of all these provisions, that the judge of the city court of Griffin rightly held that this court had jurisdiction to grant the order for which Mair prayed.

*Judgment affirmed. All the Justices concurring.*