## R. L. BATES *v.* HARRIS *et al.*
## JANE BATES *v.* HARRIS *et al.*

1. A brought an action against B and C. Both answered, B making no substantial issue with A, but seeking certain relief against C, in which A had no concern, and C making no reply to B's allegations or prayers. The case went to trial with no demurrer or objection by any party as to the pleadings, and resulted in a general verdict for C. A and B each moved for a new trial. Their motions were overruled, and they sued out separate bills of exceptions. *Held,* upon this state of facts, that separate writs of error were properly sued out, and that neither was subject to dismissal by the Supreme Court because of the suing out of the other.

2. If one who owes to another a debt infected with usury obtains from him a loan of money at a lawful rate of interest, executes a deed to secure the payment of this loan, and out of the proceeds thereof actually and bona fide pays off the old debt, the deed is not void for usury; aliter, if the transaction as a whole be merely colorable and designed as a cloak to cover up the usury in the original indebtedness.

3. No party can justly complain of a charge which could not in any way have injuriously affected him.

4. The rule of law that the occupancy of land by a husband and wife jointly is presumptively by virtue of his possession was not applicable to the facts of the present case.

Argued October 1, — Decided October 27, 1900.

Equitable petition. Before Judge Fite. Murray superior court. January 30, 1900.

*J. W. Harris,* for R. L. Bates.　*Jones & Martin,* for Jane Bates.
*C. N. King* and *R. J. & J. McCamy,* contra.

LUMPKIN, P. J.　On January 17, 1879, R. R. Bates conveyed
to his wife, Jane Bates, for life, with remainder to their son, R. L.
Bates, a tract of land.　On September 17, 1898, she filed an equi-
table petition against him and John D. Harris, which, so far as mate-
rial to the present discussion, may be summarized as follows : At
the solicitation of her son, she conveyed to him her life-estate in
the land referred to, for the sole purpose of enabling him to secure
a loan of money to himself by a conveyance to the lender of a
complete title to the property.　This he did, and afterwards repaid
the loan without reconveying to his mother her life-estate.　Instead
of so doing, he undertook to convey the land to Harris, who ac-
cepted a deed from R. L. Bates with knowledge of the facts above
recited, but nevertheless is threatening to turn her out of posses-
sion.　She prayed that her deed to her son, which had been re-
corded, be cancelled, that both he and Harris be enjoined from
interfering with her possession, and for general relief.　R. L. Bates
answered, making no substantial issue with his mother, but alleging
various facts as to the transaction between himself and Harris with
respect to the land, and praying for specific relief against him in
which Mrs. Bates had no concern.　Harris filed an answer in which
he took issue with the plaintiff as to all material points, but did
not therein undertake to reply specifically to the allegations in the
answer filed by R. L. Bates.　The case came on for a final hearing,
and the parties went to trial on the pleadings as they stood, with-
out demurrer or objection on the part of any of them.　There was
a general verdict for the defendant Harris.　Mrs. Bates and R. L.
Bates each filed a motion for a new trial.　Both motions were over-
ruled, and each sued out a separate bill of exceptions.

1. In this court counsel for Harris moved to dismiss the writ of
error sued out by R. L. Bates, on the ground that, the bill of excep-
tions filed by Mrs. Bates having been first certified, the trial judge
had no authority to certify any other original bill of exceptions in
the case.　A similar motion was made as to the writ of error sued
out by Mrs. Bates, it being in this latter motion alleged that the bill
of exceptions of R. L. Bates was the first certified.　In presenting
these motions, counsel requested this court to determine which bill

of exceptions was, in point of fact,. the first to receive the judge's signature, there being as to this matter some uncertainty.    We do not deem it necessary to go into this question; for in our opinion each of the plaintiffs in error had a right to sue out a bill of exceptions.    Mrs. Bates, being dissatisfied with the verdict, had a perfect right to move for a new trial whether R. L. Bates chose to do so or not; and the same thing is true as to him.    Neither, under the particular facts of the present case, was, from a legal standpoint, concerned with what the other did in this respect.    There is no question presented as to parties or service, either with reference to the motions for a new trial or the bills of exceptions.    As each motion was overruled, each movant had an independent right to except and bring here for review the particular judgment of which he complained.    It is not a case in which one and the same party undertook to sue out more than one bill of exceptions, or a case where two parties on the same side of the litigation in the court below and jointly interested in the same questions were dissatisfied with the same judgment and essayed to except thereto separately.    The controversy between Mrs. Bates and Harris upon their pleadings was entirely different from that which R. L. Bates by his answer sought to make with Harris.    Indeed, there were really two separate and distinct causes of action, each of which was on its merits perfectly independent of the other.    They were nevertheless tried together.    We do not mean to be understood as sanctioning any such procedure, or as holding that a new and distinct case can by this method of pleading be properly engrafted upon another, and then, as matter of course, tried with it.    Since, however, there was no assignment of error with respect to this point, we will deal with the two bills of exceptions on their merits.    It is often both proper and expedient to consolidate two distinct cases for the purpose of disposing of them by one trial.    When this is done, any party to either who is dissatisfied with the result may take whatever steps are appropriate to a review of the verdict or judgment of which he complains.    That is to say, after the trial each case then resumes its independent standing.    *Western Assurance Co.* v. *Way*, 98 *Ga.* 476; *Dickey* v. *State*, 101 *Ga.* 572; *Erwin* v. *Ennis*, 104 *Ga.* 861; *Hicks* v. *Walker*, 105 *Ga.* 480; *Haralson County* v. *Pittman*, Ibid. 513.    What was done in the present instance, though apparently very irregular, was at least analogous to the consolidation and trial of two distinct ac-

tions which had been separately brought. Both motions to dismiss are accordingly overruled.

2. The answer of R. L. Bates, which, as will have been perceived, was in the nature of a cross-action against Harris, contained a prayer for the cancellation of the deed from the former to the latter on the ground of usury. As above shown, no question was made in the trial court as to the right of R. L. Bates to file such an answer, and no such question has been raised here. We therefore deal only with the assignments of error actually made in his motion for a new trial. As the verdict finding that there was no usury was sufficiently supported by evidence, the general grounds of that motion must be treated here as having no merit. He further complained of a charge of the court to the effect that if he, while owing Harris a debt in which there was usury, borrowed from him an additional sum at a lawful rate of interest, secured this loan by the deed in question, and from the proceeds of such loan actually and in good faith paid off the old debt, the deed was not infected with usury; but that it was so if the transaction was merely colorable and designed as a cloak to cover up usury. This was a correct statement of the law. A debtor has an undoubted right to pay a debt infected with usury; and if he actually does it, that debt ceases to exist. That the payment is made out of the proceeds of a loan from the same creditor upon which a lawful rate of interest is charged can not render usurious this loan or a deed given to secure it. If there be no actual payment of the old debt, and the amount thereof is simply included in the debt secured by the deed, the same is usurious and therefore void; for in that event, the transaction resulting in its execution is merely colorable, and obviously a cloak designed to cover up the usury. There was no error in refusing to grant R. L. Bates a new trial.

3. In her motion for a new trial, Mrs. Bates alleged error in the charge above referred to, but evidently this was a matter of no concern to her.

4. It appeared that at the time Harris took the conveyance from R. L. Bates, Mrs. Bates and her husband were living together on the land in dispute. The court gave in charge, without qualification, the law embodied in section 3931 of the Civil Code, which declares that: "Possession of land is notice of whatever right or title the occupant has. Possession by the husband with the wife

is presumptively his possession, but it may be rebutted." Of this charge Mrs. Bates complains, and we think justly, because the same was not adjusted to the facts in this case. Harris himself testified that, before he traded with R. L. Bates, he "understood that the old folks had a life-estate in the land," but that R. L. Bates assured him to the contrary. With such knowledge as was evidenced by his own testimony, Harris could not blindly rely for protection either upon the statement of R. L. Bates or upon the principle laid down in the section of the code above cited. Harris further testified to facts known to him from which he inferred that the husband of Mrs. Bates, although living with her upon the land, had no interest therein, and therefore was not in a position to rely upon the presumption of law that the husband rather than the wife was in possession of the premises under a claim of right. Under these circumstances, the mere fact that the deed from Mrs. Bates to her son was upon record and uncancelled would not protect Harris. On the contrary, it was incumbent upon him to make inquiry of her, and thus inform himself as to her interest in the property. Instead of charging as above stated, the court should have instructed the jury on the line just indicated; and it follows that the motion for a new trial filed by Mrs. Bates was improperly denied.

*Judgment in the first case affirmed, and in the second case reversed. All the Justices concurring.*