WELLS *et al. v.* COKER BANKING COMPANY.

| 113 | 857 |
| f114 | 690 |
| 113 | 857 |
| 115 | 756 |
| 113 | 857 |
| 117 | 222 |
| 117 | 953 |
| 113 | 857 |
| 118 | 170 |

The mere fact that several separate and distinct cases " arising under the same contract," and being between the same parties, were, " by agreement, . . tried together " before the judge " presiding as judge and jury," did not have the effect of consolidating these cases into one, so as to authorize the losing party, by a single bill of exceptions, to bring to this court for review the judgments severally rendered in such cases in the court below.

Argued May 29, — Decided July 19, 1901.

Motion to dismiss the writ of error.

*Ben. J. Conyers,* for plaintiffs in error.
*John L. Hopkins & Sons,* contra.

FISH, J.    The Coker Banking Company brought three separate suits in a justice's court against Wooten as maker, and Harris, Bedford, Joiner, Wells, Dobbins, Boone, and Hewitt, as indorsers. Two of the suits were, respectively, on three, and the other on four promissory notes, each of the notes being for $24.55.    The notes

were executed as part of one transaction, being given by the defendants to the plaintiff for the loan of a certain sum of money made by plaintiff to the defendant Wooten. Wooten, Bedford, and Joiner made no defense to the suits. The other defendants filed a joint plea in each case, setting up the same defense in each plea. All the suits were appealed to the superior court, where "By agreement [as recited in the bill of exceptions] the three cases were tried together before his honor J. H. Lumpkin, presiding as judge and jury." Upon plaintiff's motion the judge struck the defendants' pleas, except as to the defendant Harris, and rendered a separate judgment in each case, relieving Harris, and in favor of the plaintiff against the defendants Wells, Dobbins, Boone, and Hewitt. The defendants against whom the judgments were rendered excepted to the rulings of the judge, in striking their pleas, in disallowing amendments offered by them, and in rendering the judgments against them, and they assign error upon such rulings in a single bill of exceptions. Upon the call of the case in this court, the defendant in error moved to dismiss the writ of error, because "Three separate and distinct cases, in which separate and distinct judgments were rendered, are embraced in the bill of exceptions, and plaintiffs in error are attempting to review by one writ of error the three distinct decisions and three distinct judgments rendered in the three distinct cases." This motion must be granted and the writ of error dismissed. The three cases were never really consolidated. There was simply an agreement that they be tried together, that is, at the same time — in one trial — by the presiding judge of the superior court, without the intervention of a jury. There was no order that the cases be consolidated, and, though tried at the same time, they were not tried as one case. The judge treated them as three separate cases, and rendered a separate judgment in each case. This exact question was ruled in *Erwin* v. *Ennis*, 104 *Ga.* 861, where it was held: "An agreement between counsel that 'three causes be submitted to the finding and decision, as to all facts and law, of [the presiding judge], without the intervention of a jury,' did not amount to a consolidation of the cases, and did not authorize the losing party, who was a party to all three of the cases, to make only one motion for a new trial, and, upon the same being overruled, to file one bill of exceptions to this court, attempting to bring all three of the cases for decision here. This

court has no jurisdiction to entertain such a bill of exceptions, and therefore in such a case the writ of error will be dismissed, notwithstanding the fact that it appears that the three cases relate to the same fund or property, each case being between different parties." It is true that there each case was between different parties, but the question decided was, not that the cases could not have been consolidated because between different parties, but that the agreement entered into by counsel for the respective parties did not amount to a consolidation. Mr. Justice Cobb, in rendering the opinion, said: "Whether it was in the power of the judge of the superior court to consolidate the three cases into one, so far as to authorize one motion for a new trial, and one bill of exceptions, is a question not necessary to be decided in the present case." Neither do we now pass on the question whether or not the three cases sought to be brought here in the present writ of error could have been consolidated, so as to have been properly brought here in a single bill of exceptions; because that point is not before us for decision. All we do decide is that there was no consolidation, and consequently this court has no jurisdiction to entertain the bill of exceptions attempting to bring the three cases here for review.

*Writ of error dismissed.　　All the Justices concurring.*