## MARTIN v. CRAVEN.

1. The assignment of error in the bill of exceptions was sufficiently specific.
2. Under the provisions of the act abolishing the city court of Clarkesville, authority was not conferred upon the clerk of the superior court of Habersham county to issue an execution on a judgment previously rendered in such city court.

Submitted July 18,—Decided November 14, 1906.

Illegality. Before Judge Kimsey. Habersham superior court. September 16, 1905.

*J. C. Edwards,* for plaintiff in error.

*McMillan & Erwin,* contra.

FISH, C. J.    On May 12, 1902, a judgment was rendered in the city court of Clarkesville in favor of W. J. Craven against B. C. Martin, for stated amounts of principal, interest, and costs. On July 27, 1903, the city court of Clarkesville was abolished by an act of the legislature. On June 17, 1904, the clerk of the superior court of Habersham county issued an execution on such judgment, returnable to the next term of the last-mentioned court, which was levied by the sheriff of the county on certain described realty as the property of the defendant, Martin. The defendant in execution thereupon filed an affidavit of illegality to the fi. fa., upon various grounds, in one of which the facts as to the rendition of the judgment, the abolition of the city court, and the issuance of the execution by the clerk of the superior court, as above stated, were set forth, and the allegation made that the execution was void for the reason that the clerk of the superior court had no authority of law to issue it. The case thus made was, by consent, tried before the judge of the superior court without a jury, on an agreed statement of facts, and he rendered judgment against the illegality and ordered that the execution proceed. In the defendant's bill of exceptions bringing the case up this language is used: "The court after hearing and considering the case rendered judgment dismissing said illegality and ordering the fi. fa.· to proceed. . . To which ruling and judgment the defendant in fi. fa. . . then and there excepted and now excepts and assigns the same as error. . . The defendant in fi. fa., B. C. Martin, says the court erred in this . . that there is no authority of law for the clerk of the superior court of Habersham county, Georgia, to issue a fi. fa. from

the city court of Clarkesville, and that therefore the court erred
in dismissing the illegality.

1. Counsel for defendant in error moved to dismiss the writ of
error, on the ground that the bill of exceptions contains no assign-
ment of error sufficiently specific to authorize the Supreme Court
to determine whether or not error was committed by the trial
judge. This motion is not meritorious. The assignment of error
was not merely in general terms, as in *Neal Loan & Banking Co.
v. Wright,* 116 *Ga.* 395, and cases there cited, but was plainly and
distinctly set forth, as it specified a distinct reason why the judg-
ment excepted to was erroneous, viz., that there was no authority
of law for the clerk of the superior court to issue the execution in
question.

2. The act establishing the city court of Clarkesville (Acts
1898, p. 299) was repealed and the court abolished by the act of
July 27, 1903 (Acts 1903, p. 124). The only reference made by
the repealing act to the disposition to be made of the records and
papers pertaining to matters or cases in such city court is con-
tained in the second section thereof, which provides: "That im-
mediately after the passage of this act the judge of said city court
of Clarkesville shall transfer all pending cases now on the docket
of the said city court of Clarkesville, together with the papers and
records pertaining to the same, to the superior court of said county
of Habersham, where they shall severally stand for trial as cases
originating in said superior court." A case in which judgment
had been rendered in the city court, and upon which judgment no
execution had been issued prior to the passage of the act abolishing
that court, was not a pending case on the docket of the city court
at the time that court was abolished, and there was no reason for
the late judge of the city court to transfer the papers and records
pertaining to such case to the superior court of Habersham county,
there to stand for trial as a case originating in such superior
court, because the case had already been tried and judgment ren-
dered therein. The next step in the matter was the issuance of
execution on the judgment for the enforcement of the same. No
execution was issued prior to the abolition of the court in which the
judgment was rendered, and the abolishing act conferred no au-
thority on the clerk of the superior court of Habersham county to

issue execution on such judgment, and the execution issued by him was, therefore, void, and the court erred in not so holding.

Our attention was called by counsel for defendant in error to the cases of *Colquitt* v. *Oliver,* 49 *Ga.* 284, and *Brooks* v. *Mair,* 107 *Ga.* 738, but our decision in the present case is not at all in conflict with any ruling made in either of those cases, or in *Strickland* v. *Griffin,* 70 *Ga.* 541. In the first and the last of the cases just referred to, unfinished business of a county court abolished by the constitution of 1868 was subsequently dealt with in a superior court. That constitution provided that "The books, papers and proceedings of the county courts, and the unfinished business thereof, shall be transferred to the superior courts, and the same shall be finished and performed by the said superior courts and the officers thereof," etc. Code of 1873, § 5149. In *Brooks* v. *Mair,* supra, it was held that the city court of Griffin had jurisdiction and authority to deal with and dispose of all the unfinished business of the abolished city court of Spalding county. By a reference to the language of the act abolishing the one court and to that of the act creating the other, which is quoted in the opinion rendered in that case, it is clear that jurisdiction and authority was given to the new court to deal with all the unfinished business of the old court; but it can not be fairly said, from any language used in the act abolishing the city court of Clarkesville, that the intention of the General Assembly was to confer upon the superior court of Habersham county jurisdiction and authority to deal with all the unfinished business of the city court of Clarkesville.

*Judgment reversed.    All the Justices concur.*