### 11563.   CHEEK v. TRIPP.

SMITH, J. 1. Where a suit in trover was pending, and in the same court there was pending a suit of the same plaintiff against the same defendant for damages growing out of the breach of a contract to deliver certain lint cotton and cottonseed, these two suits could by agreement be tried together, but it would be necessary for separate verdicts to be rendered unless there was an order of the court consolidating the cases.

2. In this case, there being no order consolidating the two cases, it was error to charge the jury as complained of in the 6th, 7th and 8th grounds of the motion for a new trial.

3. The court erred (as contended in the 4th ground of the motion for a new trial) in admitting in evidence a writing introduced by the plaintiff, to which the defendant's name was signed and which was in these words: "For value received I hereby sell to R. H. Tripp 500 pounds of good middling lint cotton and the seed from the lint, being thirty bushels, more or less, both seed and cotton to be delivered Oct. 15th, 1917, at Vienna, Ga." Nowhere in the evidence does it appear that R. H. Tripp, the plaintiff, had title to the automobile for which this written contract was given; and therefore the evidence was irrelevant to the issues in the case. The undisputed evidence was that another

party, Mr. Wells, owned the car, which was the original subject-matter of the transaction in both cases, and that the plaintiff had only an interest in the car, and not the title to it.

*Judgment reversed. Jenkins, P. J., concurs.*

STEPHENS, J., concurring specially. I concur in the rulings announced in paragraphs 1 and 2, but dissent from the ruling announced in paragraph 3. I concur in the judgment of reversal.

DECIDED NOVEMBER 10, 1920.

Action for damages; from Dooly superior court — Judge Gower. May 3, 1920.

According to the testimony of the plaintiff, R. H. Tripp, he traded to Cheek an automobile for a certain mule and for 500 pounds of lint cotton and 30 bushels of cottonseed, taking from Cheek the paper described in paragraph 3 of the foregoing decision, and delivering the automobile to Cheek, who took it off with the mule, saying he wished to borrow the mule to take his wagon home, but would bring the mule back the next day. He did not bring the mule back, but brought the automobile back and said he was not going to take the car. The bill of exceptions describes this case as "an action for damages," and the plaintiff's petition in the transcript of the record is a suit for $168.75, damages for breach of an alleged contract "shown by" the writing mentioned above. The verdict was "in favor of plaintiff, $150." The trial judge charged the jury: "In this case Mr. R. H. Tripp as plaintiff brings two suits growing out of an alleged contract with Mr. Cheek. One of these suits against Mr. Cheek is a trover suit, in which the plaintiff, Tripp, claims that the defendant, Cheek, was in possession of a certain mule of the value of $100, which the defendant refuses to deliver to the plaintiff. The other suit by Mr. Tripp is for injury and damage which he claims that the defendant inflicted upon him by a breach of contract, or that portion of a contract which the plaintiff alleges and contends was made whereby the defendant was to deliver to the plaintiff 500 pounds of good middling lint cotton and 30 bushels of cottonseed, more or less, on the 15th day of October, 1917. By agreement of counsel these two cases have been consolidated, that is, they are to be tried together; the title to the mule, that is, the trover suit for the value of the mule rather, and the suit upon the alleged contract for the delivery of the cotton are all combined into one issue." The court further charged: "If you

embrace the theory of the plaintiff — think he should prevail in any amount, under the rules of law which I have given you in charge, . . this being a case of trover and breach of contract consolidated, put whatever you find in a lump sum, 'We, the jury, find in favor of the plaintiff' so many dollars and so many cents." In grounds 6, 7, and 8 of the motion for a new trial the defendant complained of the instructions of the court as to consolidation of cases and as to the verdict, and contended that although the parties had agreed that the cases should be tried together, there was no legal consolidation, for there was no order of court consolidating the cases; and there being two separate and distinct cases, one verdict would not be sufficient.

*T. Hoyt Davis, Powell & Lumsden,* for plaintiff in error.