## 14039. ASKEW v. POWELL et al.

Where two cases were consolidated for trial, and separate verdicts and judgments therein were rendered on the trial, which it was sought to review by one motion for a new trial, and by a single bill of exceptions to the judgment overruling the motion for a new trial, the writ of error must be dismissed.

DECIDED MAY 15, 1923.

Affidavits of illegality; from city court of Sandersville — Judge W. M. Goodwin. September 20, 1922.

*Burwell & Fleming, Evans & Evans,* for plaintiff in error.

*E. W. Jordan,* contra.

BLOODWORTH, J. The motion to dismiss the writ of error, on the ground that " the plaintiff in error has sued out one bill of exceptions to the overruling of a motion for new trial, and attempts by one motion for new trial and one bill of exceptions to this court to review the final judgment in two separate and distinct cases, upon which two separate and distinct verdicts were rendered, and upon which two separate and distinct judgments were entered in the court below," must prevail, even though an order (nunc pro tunc) was taken that " the two said cases be consolidated and tried together and stand as one case." The judge who tried the case evidently construed this order to mean (and the construction placed upon the order by the judge who signed it is controlling) that the cases were consolidated only to the extent that they should be tried together; for he instructed the jury as follows: " You will write two separate verdicts on the papers, there are two separate cases, and you will write the verdict on the two petitions." These instructions were followed, and two verdicts were returned and two separate judgments were entered. It has been several times held by this court and by the Supreme Court that where two cases were consolidated for the purpose of trying them together, and two verdicts were rendered, and two judgments entered, the two separate judgments could not be brought to an appellate court by one bill of exceptions. In discussing the case of *Dickey* v. *State,* 101 *Ga.* 572 (28 S. E. 980), Justice Little, referring to such a ruling, said: " This ruling we hold applicable to all criminal cases, and also civil cases, except such of the latter as may by law be consolidated and result in *one general verdict and judgment.*" (Italics ours.) See *Chambers* v.

*Walker,* 26 *Ga. App.* 586 (106 S. E. 811); *Fillingame* v. *State,* 27 *Ga. App.* 764 (109 S. E. 916); *Bridges* v. *State,* 27 *Ga. App.* 767 (110 S. E. 412); *Wells* v. *Coker Banking Co.,* 113 *Ga.* 857 (39 S. E. 298); *Purvis* v. *Ferst's Sons & Co.,* 114 *Ga.* 689 (40 S. E. 723); *Futch* v. *Mathis,* 148 *Ga.* 558 (97 S. E. 516).

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*