### 21382. PIPKIN *v.* GARRETT *et al.*

BELL, J. 1. A motion to set aside a judgment in the city court of Nashville, in which the present case originated, is governed by the same rules of law which would be applicable in a superior court. Ga. L. 1905, p. 314, §§ 17, 23.

2. Accordingly, as would be true in a superior court, entries appropriately made by the presiding judge upon the docket of the city court of Nashville in causes pending in that court "are presumed to represent truthfully the incidents occurring in the course of litigation; and so long as such entries stand unchallenged by direct proceeding to vacate or reform them, they are not open to collateral explanation or attack" (*Thornton v. Perry,* 101 *Ga.* 608, 29 S. E. 24) ; and an entry upon the docket that two certain cases were tried together by agreement is, in the absence of a direct attack, conclusive that the cases were tried together under an agreement to that effect.

3. But a mere agreement to try the cases together did not amount to a consolidation, nor to an agreement therefor, so as to convert the cases into one action, and, it appearing from the record that the two cases were distinct proceedings,—as an action of bail trover and an attachment case,—both instituted by the same plaintiff against the same defendant; that the plaintiff himself replevied the property by bond in the trover case, and gave the usual bond, with a different security, in the attachment case; and that the cases were not only tried together but were tried as though they were consolidated into one action, the jury having rendered but one verdict, which was in favor of the defendant upon cross-actions filed, and the judgment having been entered thereon against the plaintiff and the separate sureties upon the two bonds referred to; and it further appearing that there was in fact no order of consolidation, and no agreement to treat or try the cases as one cause (the plaintiff being absent and not participating in the trial), the verdict and judgment in favor of the defendant as in a single cause was voidable and subject to be set aside on motion of the plaintiff and his securities at any time within the statute of limitations. *Cheek v. Tripp,* 25 *Ga. App.* 800 (105 S. E. 247) ; s. c. 26 *Ga. App.* 134 (105 S. E. 627) ; *Howard v. Gregory,* 79 *Ga.* 617 (4 S. E. 881) ; *Walker v. Conn,* 112 *Ga.* 314 (37 S. E. 403) ; *Valdosta Guano Co.* v. *Hart,* 119 *Ga.* 909 (47 S. E. 212) ; 1 C. J. 1133.

4. "A judgment may be set aside, on a proper proceeding brought within three years from its rendition, for any defect not amendable which appears on the face of the record." *Byers* v. *Byers,* 41 *Ga. App.* 671 (2) (154 S. E. 456).

5. Under the above rulings, the court did not err in overruling the general and special demurrers to the motion to set aside the verdict and judgment in favor of the defendant, nor in sustaining such motion upon the evidence adduced.

    *Judgment affirmed.*  *Jenkins, P. J., and Stephens, J., concur*

DECIDED NOVEMBER 13, 1931.   REHEARING DENIED FEBRUARY. 17, 1932.

*Hartwell L. Williams,* for plaintiff in error.

*J. H. Gary, E. R. Smith,* contra.