23410. LOWERY *et al. v.* WILCOX, admx.

Decided April 3, 1934.

*D. D. Smith,* for plaintiffs. *J. H. Milner,* for defendant.

Guerry, J. Mrs. Clark Wilcox as administratrix of the estate of T. R. Lowery, deceased, was cited by the ordinary for failure to file any annual return as administratrix of the estate. In accordance with the citation she immediately filed a return showing the amount of money received for said estate and the distribution thereof, which included doctor's bills, administration costs, and an amount paid to herself for board, nursing, and lodging of one of the heirs of the estate; the return showing a full accounting for the entire estate. R. F. Lowery filed, in his capacity as a creditor, a caveat to said return, alleging that the estate was also indebted to him for board, nursing, and lodging, and that he was entitled to share proportionately with the administratrix in the distribution of said estate, and that such returns were illegal and improper. W. A. Lowery filed a caveat also to the return of the administratrix in his capacity as a creditor of the estate, setting up a claim for board, lodging, and nursing, and alleging that the return made was illegal and improper. Both caveats were filed October 26, 1929. Thereafter, on January 16, 1930, R. F. and W. A. Lowery jointly, as heirs at law of T. R. Lowery, deceased, filed a citation for settlement against Mrs. Wilcox as administratrix. The petition for settlement alleged that the administratrix had paid all the debts of

the estate and as heirs at law of said estate petitioners were entitled to an accounting and settlement. She answered the petition of W. A. and R. F. Lowery, alleging that she had paid out all the funds of said estate upon debts of the deceased, as shown by annual returns heretofore filed, and that there was no other property to administer. The ordinary held himself disqualified to pass upon said matters, and an ordinary from another county was called in to hear the cases. Upon a hearing of the cases, which were tried together, the court passed separate orders as follows: "Upon considering the within caveats of W. A. and R. F. Lowery, order that the return filed be not approved." "It appearing to the court at this term which Mrs. Clark Wilcox, administratrix of the estate of T. R. Lowery, was duly cited . . to appear and settle the estate of T. R. Lowery in her hands as administratrix, that there is due W. A. Lowery, as appears from an accounting by said administratrix, the sum of $438.13, and there is due R. F. Lowery $235.56, it is therefore ordered that said settlement is made at this term of court and be and same adjudged as correct, and each have and recover," etc.

The administratrix entered an appeal to the superior court of the county, which appeal was headed: "R. F. and W. A. Lowery v. Mrs. Clark Wilcox, administratrix. Objections to annual returns and objection to final return of administratrix, two cases. Judgments for caveators;" the body of the appeal stating that, "being dissatisfied with the judgment rendered against her therein sustaining the objections to the annual return and sustaining the objection to the final return of said administratrix," etc. Motion was made in the superior court that the appeal be dismissed on the ground that there was no proper approval of the bond, and on the ground that there was no appeal from the judgment in favor of the appellees on their settlement citation. The cases were tried together before the ordinary, and it was insisted by the administratrix, defendant in error, that they had been consolidated, though no formal order consolidating the cases had been passed, and that the appeal made brought both matters to the superior court for determination. The superior-court judge passed an order consolidating the cases nunc pro tunc and ordered that they proceed to trial. Exceptions were taken to the order consolidating the cases and ordering a trial thereon.

■ There is no merit in the ground that the ordinary, who disqualified himself afterwards, approved the appeal bond. Such approval or failure to approve would not of itself require the dismissal of the appeal. Therefore his unnecessary or ministerial acts would not have the effect of voiding the appeal. *Colquitt* v. *Oliver,* 49 *Ga.* 284; *Chapple* v. *Tucker,* 110 *Ga.* 467 (35 S. E. 643).

■ We now come to consider whether a caveat by a creditor of an estate and a citation for settlement by an heir at law are such causes of action as may be consolidated, and whether one appeal will be sufficient to carry both matters to another court for its adjudication. Section 5520 of the Civil Code (1910) reads as follows: "Suits between the same parties, arising under the same contract, involving the same pleas upon which the same verdict may be rendered, may be consolidated if the aggregate amount does not exceed the jurisdiction of the court." "An agreement between counsel that two cases be submitted at the same time to one jury did not amount to a consolidation of the cases." *Paschal* v. *Morgan,* 19 *Ga. App.* 245 (91 S. E. 285). "It is often both proper and expedient to consolidate two distinct cases for the purpose of disposing of them by one trial. When this is done, any party to either who is dissatisfied with the result may take whatever steps are appropriate to a review of the verdict or judgment of which he complains. That is to say, after the trial each case then resumes its independent standing." *Bates* v. *Harris,* 112 *Ga.* 32 (37 S. E. 105). See also *Erwin* v. *Ennis,* 104 *Ga.* 861 (31 S. E. 444); *Western Assurance Co.* v. *Way,* 98 *Ga.* 746 (27 S. E. 167). In *Askew* v. *Powell,* 30 *Ga. App.* 244 (117 S. E. 769), it was said: "Where two cases were consolidated for trial, and separate verdicts and judgments therein were rendered on the trial, which it was sought to review by one motion for a new trial, and by a single bill of exceptions to the judgment overruling the motion for new trial, the writ of error must be dismissed." See, in this connection, *Chambers* v. *Walker,* 26 *Ga. App.* 586 (106 S. E. 811). In *Haralson County* v. *Pittman,* 105 *Ga.* 513 (31 S. E. 183), the court said: "Where two cases against the same defendant, and in favor of different plaintiffs who have no privity of interest of any sort between them, are by consent of the parties tried together before an inferior judicatory, the judge of the superior court can not entertain jurisdiction over the cases by one petition for certiorari complaining of

the verdict in favor of each plaintiff. These cases are easily distinguished from cases where there has been joint action against several defendants and separate demurrers filed, some of which are sustained and an exception taken to such order sustaining the demurrers as to separate defendants, which judgments may be excepted to in the same bill of exceptions. See, in this connection, *Moore* v. *Adams,* 153 *Ga.* 709 (113 S. E. 383, 23 A. L. R. 925). The same principle applies to a money-rule judgment where the order distributing the money may be a separate order as to each claimant but nevertheless it is one case. See *Shouse* v. *Gober,* 46 *Ga. App.* 231 (167 S. E. 316). However, cases tried together do not amount to a consolidation nor an agreement therefor so as to convert them into one action, if according to the record they are distinct proceedings. This principle was held in *Pipkin* v. *Garrett,* 44 *Ga. App.* 616 (3) (162 S. E. 645). The actions in that case were a bail-trover proceeding and an attachment, there being the same plaintiff and the same defendant, and the cases were tried "as though they were consolidated into one action." Suits between the same parties, arising under the same contract, involving the same pleas and upon which the same verdict must be rendered, are properly consolidated, and in such case an order nunc pro tunc may be entered. *Bentley* v. *Gay,* 67 *Ga.* 667. In the case at bar the claim of W. A. Lowery as a creditor of the estate of the deceased is separate and independent of the claim of R. F. Lowery against said estate, and the same verdict will not necessarily be rendered. Their contract or claim against the estate is separate and apart from their claims against it as heirs at law. The interest of a creditor may be antagonistic to that of an heir at law. There was a judgment in the present case sustaining the caveat of the creditors and refusing to approve the return of the administratrix. There was also a separate judgment in favor of the heirs at law on their joint petition for settlement in different amounts as their interest might appear. From the state of the record this court is unable to determine that the issues were the same, although they were tried together; and the court below erred in consolidating the actions and directing that the appeal proceed as one action in the superior court, and in refusing to dismiss the appeal.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*