### 29108. WILLIAMS *v.* SMITH.

SUTTON, J. The plaintiff brought suit in a justice's court on two notes and three separate suits on one note each, all of which notes arose out of the same transaction between the parties. The defendant filed one plea and answer to all suits. The suit on the two notes was tried before the justice under an agreement that the decision therein would control the other suits. The justice rendered judgment for the plaintiff in each of the four suits for stated amounts. The defendant filed one appeal from all of the judgments to a jury in the justice's court. The plaintiff made a motion to dismiss the appeal on the ground that separate appeals should have been taken from the judgments in the four suits. This motion was overruled, and on the trial the jury rendered a verdict "in favor of the defendant in all suits." The plaintiff took each case to the superior court by separate writs of certiorari, assigning error on the ruling of the justice in refusing to sustain the motion to dismiss the appeal and on the verdict and judgment in favor of the defendant. The superior court ruled that the justice erred in not sustaining the motion to dismiss the appeal, and that, it being too late for the defendant to file a proper appeal in each case, the plaintiff be allowed to enter final judgment in all four cases, which was done, as a final disposition thereof. The defendant excepted, contending that, having paid all costs and given a proper and approved bond, his appeal was good at least as to the judgment in the case actually tried, and therefore that it was not subject to dismissal. *Held:*

1. Notwithstanding the fact that only one case was tried before the justice, under an agreement that the decision in the case tried would control all of the suits, four separate judgments were rendered, and one appeal would not lie to a jury in the justice's court, but it was necessary that a separate appeal be filed from each judgment. *Chambers* v. *Walker*, 26 *Ga. App.* 586 (106 S. E. 811); *Bridges* v. *State*, 27 *Ga. App.* 767 (110 S. E. 412); *Askew* v. *Powell*, 30 *Ga. App.* 244 (117 S. E. 769); *Fortson* v. *State*, 45 *Ga. App.* 218 (164 S. E. 90); *Wells* v. *Coker Banking Co.*, 113 *Ga.* 857 (39 S. E. 298). The appeal to the jury in the justice's

court by the defendant was invalid, and the justice erred in overruling the plaintiff's motion to dismiss the appeal. The superior court did not err in sustaining the writs of certiorari.

2. Inasmuch as it was too late for the defendant to file separate appeals from all four judgments, the superior court properly allowed the plaintiff to sign up judgments in all four cases, as a final disposition thereof. Code, §§ 19-501, 19-504. See *Kingsbery* v. *People's Furniture Co.*, 130 *Ga.* 365 (60 S. E. 856).

> *Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*
>
> DECIDED OCTOBER 29, 1941.

*G. P. Martin,* for plaintiff in error. *Rupert A. Brown,* contra.

