29692. CAUSEY *et al. v.* WATERS.

DECIDED NOVEMBER 18, 1942.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiffs.
*Fraser & Irwin,* for defendant.

SUTTON, J. Dr. Hunter Causey, a physician of Pine Bluff, Arkansas, and Ralph Robinson & Son, a firm of morticians of the same city, filed separate suits in the civil court of Fulton County against William E. Waters, the first being for medical services

rendered the defendant's wife and the latter being for funeral services. The defendant filed an answer to each suit. Each plaintiff filed separate demurrers to the defendant's answer and filed separate exceptions pendente lite to the judgments overruling said demurrers. The two cases were then consolidated by order of the court and were tried together, and the jury returned separate verdicts for the respective plaintiffs and judgments were entered accordingly. Motions for new trials were filed by the defendant and a new trial was granted him in each case. The plaintiffs filed one bill of exceptions to this court, assigning error on the judgments overruling the demurrers and the judgments granting the defendant new trials.

In these circumstances and under the rulings of the Supreme Court in numerous cases the writ of error must be dismissed. In *Brown* v. *L. & N. R. Co.*, 117 *Ga.* 222 (43 S. E. 498), it was ruled: "1. An order passed, upon an agreement between counsel, that two suits, each based solely upon a common law cause of action, in favor of different plaintiffs against the same defendants, 'be consolidated and tried together,' does not have the effect to merge the two cases into one, but the effect of such order is to provide simply that the suits be consolidated only to the extent of being tried together. *Erwin* v. *Ennis*, 104 *Ga.* 861 [31 S. E. 444]; *Wells* v. *Coker Banking Co.*, 113 *Ga.* 857 [39 S. E. 298]; *Purvis* v. *Ferst*, 114 *Ga.* 689 [40 S. E. 723]. 2. When under such an agreement, the two cases are tried together upon demurrers filed in each by the defendants, and a separate judgment sustaining the demurrer in each case has been entered up, the plaintiffs have a right to except separately to such judgments. Where, however, the plaintiffs bring but a single bill of exceptions to this court and seek thereby to review both the judgments, the writ of error must be dismissed; for this court has no jurisdiction. *Walker* v. *Conn*, 112 *Ga.* 314 [37 S. E. 403], and cases cited; *Wells* v. *Coker Bkg. Co.*, *Purvis* v. *Ferst*, supra. See also *Bates* v. *Harris*, 112 *Ga.* 34 [37 S. E. 105]." To the same effect see *Futch* v. *Mathis*, 148 *Ga.* 558 (97 S. E. 516); *Beck & Jones* v. *Chenoweth-Holder Lumber Co.*, 170 *Ga.* 367 (152 S. E. 899). In *Bates* v. *Harris*, 112 *Ga.* 32; 34 (supra), it was said: "It is often both proper and expedient to consolidate two distinct cases for the purpose of disposing of them by one trial. When this is done, any party to either who

is dissatisfied with the result may take whatever steps are appropriate to a review of the verdict or judgment of which he complains. That is to say, after the trial each case then resumes its independent standing."

While no motion is made to dismiss the bill of exceptions, the question involved is jurisdictional, and this court is without any authority to entertain the bill of exceptions.

*Writ of error dismissed. Stephens, P. J., and Felton, J., concur.*