RICH & COMPANY *vs.* KISER & COMPANY.

Where six cases on small notes were pending in a justice court, in order to have summons of garnishment lawfully to issue, there must be affidavit and bond in each case, and the summons must be issued and served in each. If there be but one proceeding for all the cases, and the garnishees are served only with one summons for all, they need not answer at all, but may take advantage of the illegal proceeding by affidavit of illegality. The attempt to consolidate six cases into one, and sue the garnishees for $477.81 in one proceeding, is beyond the jurisdiction of any justice court, and the whole proceeding is void.

Garnishment. Justice Courts. Jurisdiction. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

Reported in the opinion.

S. WEIL; L. J. WINN, for plaintiffs in error, cited as follows: No traverse, Code, §3666. Consolidation error, Code, §3532; 40 *Ga.*, 702. No service, 24 *Ga.*, 625 ; Code, §§1899, 3250.

CANDLER & THOMPSON ; H. C. PEEPLES, for defendants, cited as follows : Modes of obtaining garnishment, Code, §§3537, 3538. Presumption, Code, §3753 ; 1 *Kelly*, 3, 279 ; 6 *Ga.*, 188, 494 ; 36 *Ib.*, 442. Vagueness, 50 *Ga.*, 208, 632 ; 46 *Ib.*, 282 ; 49 *Ib.*, 580. Service, 49 *Ga.*, 578. New questions not made here, 49 *Ga.*, 549 ; 2 *Kelly*, 367 ; 8 *Ga.*, 317 ; 40 *Ib.*, 423. Affidavit etc., sufficient, Code, §§3533, 3534.

JACKSON, Justice.

Judgment was had in the justice court in favor of Kiser & Co. against Rich & Co., as garnishees, upon four notes of one hundred dollars each and two others of smaller sums.

The executions issued upon these judgments were levied on the property of Rich & Co., and were met by them by affidavit of illegality on several grounds, when the case was appealed to the superior court. Whereupon, by consent, the court passed upon law and fact, and, having before it the affidavit and record, dismissed the illegalities and directed the executions to proceed, and thereupon Rich & Co. made a motion for a new trial on the ground that the court erred in so ruling, which motion was overruled and they excepted.

The question is, was the judgment overruling the affidavit and ordering the executions to proceed right? There are several grounds of illegality, one of which is, that the summons of garnishment was issued without authority of law and without any evidence of a compliance on the part of the plaintiffs with the requirements of the statute, as to making the affidavit and giving the bond necessary in such cases to obtain a summons of garnishment; and another of which was, that neither the firm nor the members thereof, either of them, had been served with any summons or process of garnishment but in one case, while there are six cases in which judgments were entered against them.

If the facts substantially set out in the affidavit of illegality as above be true, it would seem that the affidavit was well taken.

On examining the record, it appears that there are four executions each for $100, issued by Wm. Ezzard, the justice of the peace, and each levied upon the property of Rich & Co., and that there are two others for a less sum to await the fate of these. It further appears that one affidavit was made by an attorney of Kiser & Co. in Carroll county, in which he says that six actions were pending there in a justice court, amounting in all to a claim for $477.81, and in which he set out the amount of each case, to-wit: four for $100.00 each, one for $44.81, and the other for $33.00; and that one bond was given for the sum of $955 and some cents, conditioned to pay damages in the

six cases; that the cases were proceeding against one Brantley and one O'Rear, of Carroll county, and garnishment was prayed against Rich & Co. of Fulton county.

Then follows a certificate from the justice of Carroll county, that the above copy affidavit and bond are correct; and then one summons is issued by Wm. Ezzard, signing himself notary public and ex-officio justice of the peace; and one summons is served upon D. V. Lovemore, one of the firm of Rich & Co., by W. L. Ezzard, L. C., 1234th district, Fulton county, Ga. The summons is to answer to the indebtedness in the six cases, and begins, " Georgia Carroll county," and requires them to answer, in the 1234th district, Fulton county, what they owed Brantley and O'Rear, to render to the justice court 682d district of Carroll.

Assuming that Wm. Ezzard is the justice of the peace in Fulton county, which nowhere appears in the record, the whole transaction seems to be an amalgamation of six cases into one, first in Carroll and then in Fulton, and is a naked effort to consolidate them into one case for the purpose of this garnishment. We know no law which will authorize such a proceeding in the justice courts. We think there should have been an affidavit and bond in each case, as there was an execution in each, and then the *fi. fas.* might have been legal. There should have been a summons also in each case, and service in each, before these garnishees could be said to have had their day in court, so as to be bound by the proceeding. See Code, §3532 *et seq.*, §4161. These sections contemplate one garnishment for each case.

There is no law allowing the consolidation of the cases, so far as we know, so as to authorize one proceeding in garnishment for six cases; and the effect of the proceeding is to permit jurisdiction in the justice court in one case of over four hundred dollars. The whole proceeding appears to us to be without authority of law, and we must reverse the judgment.

Judgment reversed.