BONES *et al. vs.* THE NATIONAL EXCHANGE BANK OF
AUGUSTA.

Where two cases involving different parties and different rights were tried separately in the court below, although the same testimony was used in each, the presiding judge could not order them to be consolidated, and that but one brief of evidence be used on a motion for a new trial in both cases, and but one bill of exceptions be filed to the overruling thereof. If two distinct cases are so brought to this court, the bill of exceptions will be dismissed.

Practice in Supreme Court.    At September Term, 1881.

Jane Bones, as widow of John S. Bones, petitioned for dower out of real estate in the city of Augusta, of which her husband died seized and possessed. As administratrix of said Bones, she instituted an action for rent for one-third interest in said real estate against The National Exchange Bank of Augusta. The defendant filed a *caveat* and objections in the first case, and plea of general issue in the second. The two cases came on for hearing June 15th, 1881. The rent case was called first. The parties agreed to refer the law and the facts to the court for decision without the intervention of a jury.

The court decided in favor of the defendant, and called the dower case. The parties agreed that the petition for dower should be submitted on the same testimony as the *caveat* filed. The court decided against the petition for

dower.    According to the agreement of counsel, the court ordered " that upon any motion for new trial or bill of exceptions, that but one brief of evidence shall be filed for both cases, which shall be heard and determined together, and under which but one transcript of record shall be forwarded to the supreme court by the clerk of this court to answer for both cases."

Mrs, Bones moved for a new trial in each case, upon the ground that the decision, both on the law and upon the facts, was error, which motion being overruled, she excepted, and assigned the same as error.

FRANK H. MILLER, for plaintiffs in error.

FOSTER & LAMAR, for defendant.

JACKSON, Chief Justice.

It appears from the bill of exceptions and transcript of the record, that two cases were tried separately before Judge Snead, of the Augusta circuit, the one being a suit for rent due the estate of John Samuel Bones, and the other an application for dower by the widow of the said John Samuel Bones.    The judge, by agreement, tried each case without the intervention of a jury, and found and adjudged both for defendant, one against the estate and the other against the widow.    The administratrix and the widow are the same lady, and the lands out of which rent and dower were claimed are the same, being certain tenements, or rather a certain interest in the tenements, in the city of Augusta.    After the trial, and the judgment upon the first case, it further appears that the second case, for dower, was submitted on the same testimony, and also adjudged for defendant; whereupon the court, by consent and at the request of counsel, passed the following order:
"Ordered and adjudged, that upon any motion for new trial or bill of exceptions that but one brief of evidence shall be filed for both cases, which shall be heard and de-

termined together and under which but one transcript of the record shall be forwarded to the supreme court by the clerk of this court to answer for both cases."

Subsequently a motion for new trial was made and filed for both cases accompanied by one brief of testimony.

And thereupon the following order was passed :

"The within motion, after approval of brief of evidence to apply to both cases, is overruled in each case on all the grounds set forth therein.   It is further ordered that but one bill of exceptions and transcript of record shall apply to and bind each motion as separately made."

Thus two suits, totally distinct in character, and necessarily involving distinct issues of fact, one brought by the administratrix for money due for rent and involving the value of that rent, and the judgment, if recovery be had, being for the estate of deceased, and the other for dower to be set apart by appraisers, not for the estate, but for the widow individually, are amalgamated together, and by order of the superior court are brought to this court by one bill of exceptions and one transcript, of the record.   We are not aware of any statute of the state which invests the superior court with power to adjudge in what manner cases shall be brought to this court, and to determine how many and what cases tried before that court shall come here with but one bill of exceptions. Nor do we see that the request and consent of counsel on both sides can sanctify the judgment so as to make it valid.

If two, involving the distinct rights of a widow and of an estate, can thus be combined, any other number, if the defendant be the same person, may be consolidated, no matter how different the plaintiffs may be.   If the main facts be the same, however different other facts may be, varying with various plaintiffs, still but one bill of exceptions shall bring them all here as one case.   Some of the officers of this court are paid by a cost fee in each case, and are interested in the question.   Whilst this

court might possibly cut those fees down, it is difficult to see by what authority the superior court, though solicited and urged by counsel on both sides, having no jurisdiction over them as its officers, can do so. The state library is involved in it, for after paying the salary of the clerk of this court, the surplus is expended in the purchase of books to keep our state and her courts abreast with the progress of law as a science, as it advances with the common march of all sciences. Can the superior courts and the counsel at their bar cut off this most important revenue? If the superior court be sustained in consolidating these two cases, we do not see the limit to its power in this direction.

;There is a law that to save costs certain cases *between the same parties* may be consolidated and tried together ; but in this case the plaintiffs are different parties—the one an administratrix, the other, a widow; the one suing for others, the other for herself. Creditors of the estate are interested for the plaintiff in the first suit ; they are against the widow in the second.

The widow has contracted a partnership and executed a deed which may bar her right of dower—all done since the death of her husband, but that deed of relinquishment of dower, which is her own right, will hardly operate to bar the estate of rents, if otherwise due. Appraisers are to value the land in order to set apart her dower ; the jury is to pass upon the value of the rents. The judgment in the one case, if for plaintiff, is for so much money; a moneyed judgment; in the other it is that she is entitled to her dower. So that the parties are distinct, the evidence distinct, the verdict distinct, the judgment distinct, and the two claims, from the mode of first entering the court to the final process, are as wide apart as the poles. There is but one *nexus* that unites them at all, and that is the fact that both derive title from John Samuel Bones to their several interest in the same lands, and if he died without title neither can recover. But

there the kinship of the two cases ceases, and they be-
come thenceforth strangers. If Bones, at his death, was
in debt to the bank, which seems to be one issue, then
even if he had not parted with the title to the bank, his
estate would hardly be allowed to recover rents from it
without paying the debt; whereas, the widow would be
entitled to her dower, no matter what the estate owed the
bank, if her husband had not parted with the title. Set-
off would balance the account in the one case, but in the
other it would have no force. Payment of the debt would
be an issue in the one, but wholly immaterial in the other;
and the questions of payment, and what amounts to pay-
ment, seem also involved in this mixed, and therefore
somewhat confused, record.

We do not think, for the foregoing reasons that the two
cases are before this court according to law, and therefore
we think that we have no jurisdiction to review the rulings
of the superior court thereon. On a single point the court
below rested its judgment, as we understand the bill of ex-
ceptions and record, but he has certified a vast number of
other points. Perhaps the judge intended that point on
which his judgment rested to be the only one for review,
and therefore yielded to request of counsel, and passed
the order consolidating two cases with different parties,
and providing for their review here as one case. But the
motion for new trial, the bill of exceptions and assign-
ments of error make many other points.

Principle and uniformity of practice, jurisdiction and
the right under the law to act upon cases here, demand
that we dismiss this bill of exceptions, because in it two
cases between different parties are brought here, and we
are glad that in doing so we do no harm to the plaintiff in
error, inasmuch as if the two had been properly before us in
separate writs of error, we should have had but little dif-
ficulty in affirming the judgment, on the ground, too, on
which the court below rested it—that the title passed to
the bank to secure the debt, and as it passed for that pur-

pose, the bank might acquire it to hold until the debt was paid. But be that as it may, the writ of error must go out.

In conclusion we desire to repeat that we know of no law which authorizes this bill of exceptions. (See Code, §4250 *et seq.*) That we regard the principle applied of the utmost importance; that a smooth, clear record, and statement of errors and evidence bearing on one case between one plaintiff, or set of plaintiffs, in the same right, and one defendant, or set of defendants, in the same right, are essential to correct adjudications of legal questions here, and therefore we feel it our duty to dismiss this writ of error. If counsel have a number of cases between different parties involving the same questions of law and fact, there is no difficulty in having the controlling principles settled here in one case by having a consent order passed, that all others shall abide the determination of the one brought here. There is no other legal mode known to us of settling two or more cases dependent on the application of legal principles to the same facts. If the facts and issues necessarily applicable to one differ from those applicable to others, each must be settled alone.

In what has been said above, we wish to add that nothing has been intended to reflect, either upon the able counsel who solicited the orders on which the two cases were brought here as one, or upon the careful and competent judge who passed them. No doubt that the former advised and requested the course pursued to save costs and labor, and the latter granted the order, because the two cases, as adjudicated by him, were controlled by the one question, had the title passed out of Bones in his life-time, so as to defeat both dower and rent? But we have shown, we think, that many other points, not applicable to both, but confined to one, are in the bill of exceptions and the record, that the parties and the suits, from beginning to end, are dissimilar, and that principles involving the mode of bringing cases to this court, and

thus of giving it jurisdiction to try them, affecting the fees of some of the officers of this court, as well as the extension of the state library, are at issue, and therefore a sense of duty constrains us to dismiss the writ of error.

It is true, as has been suggested since this judgment was pronounced, that after this court has got jurisdiction by several and separate bills of exceptions, it has consolidated and tried cases together, as in 64 *Ga.*, 18; but that is altogether a different matter, and does not affect either the jurisdiction of this court, or the rights of its officers, or of the public, but its own convenience only.

To us the path of duty is plain, and we must follow it in this case.

Let the writ or error be dismissed, and the judgment of the superior court stand affirmed.