PUPKE, REID & PHELPS vs. MEADOR; SMITH & BONDURANT vs. MEADOR.

1. Two distinct and separate cases arising from the service of garnishments by different plaintiffs on the same garnishee, could only be consolidated to the extent of trying them together, and then only by consent of parties; and the judgment having been adverse to to the plaintiffs, it was proper for them to bring the cases to this court by separate writs of error.

2. When plaintiffs in judgment sued out summonses of garnishment, and, upon a traverse of an answer of not indebted made by the garnishee, showed that the defendants in the judgments were the

owners of certain goods, notes and accounts from which the garnishee had realized a sum of money, which he had in hand when the garnishment was served, this made out a *prima facie* case for the recovery of such sum in the garnishee's hands, and the *onus* was cast upon the garnishee to show that the money was not subject to the garnishment, if he so claimed. That he stated that he held these assets by virtue of a writing which was in the hands of his attorney; and that the attorney stated that he had purposely left the writing at his office, and would not produce it if he had it, would not relieve the garnishment or authorize a dismissal thereof. April 25, 1884.

Practice in Supreme Court. Practice in Superior Court. Garnishment. *Onus Probandi.* Before Judge HAMMOND. Fulton Superior Court. October Term, 1883.

Reported in the decision.

C. H. & R. B. BARNES, for plaintiffs in error.

HOKE SMITH, for defendant.

BLANDFORD, Justice.

1. A motion was made to dismiss the writs of error in these cases, upon the ground that they were consolidated by consent of the parties in the court below.

These are two separate and distinct actions by separate and distinct parties, and could only be consolidated to the extent of having them tried together, and then only upon consent of the parties. The judgment having been averse to the plaintiffs, the plan adopted by them of bringing their cases before this court by two distinct writs of error was correct, and such was, in effect, the ruling of this court in 67 *Ga.*, 339. So we think that the defendant in error can take nothing by his motion.

2. The plaintiffs in error obtained judgments against Rushing, Keller & Co., and sued out process of garnishment against Meador, who answered the same, denying indebtedness, or that he had in his hands any property,

money or effects belonging to Rushing, Keller & Co. This answer the plaintiffs traversed. Meador was sworn and introduced as a witness by the plaintiffs, and he testified that Rushing, Keller & Co., being in the mercantile business in Atlanta, failed on the 28th of December, 1882, and turned over their stock of goods, merchandise, books of account, etc., to Meador; he sold the goods for $4,344.95, and collected of the accounts $2,784, by the 12th of February, 1883, when he was garnished, and at that time had left in his hands $2,955.99 ; that he paid nothing for these assets, but held them by virtue of some writing only, which he said was not in his control, but which was in the hands of his attorney. His counsel stated that he had purposely left this writing at his office ; that if he had the writing with him, he would not produce it. Thereupon the court dismissed said garnishment proceedings, and the plaintiffs in error severally excepted, and assign said ruling, decision and judgment as error, and file their separate bills of exceptions, and by distinct writs of error bring their cases here for review, and by consent they are considered together by this court. When the plaintiffs showed that Rushing, Keller & Co. were the owners of the goods, notes and accounts from which Meador, the garnishee, had realized the money which he had in his hands when he was served with process of garnishment, then they had made such a *prima facie* case as entitled them to recover this money, admitted to be in the hands of the garnishee when he was served with this process. It will be seen that plaintiff showed not only possession of the goods in Rushing, Keller & Co., but he showed title in them also. The *onus* was then cast upon the garnishee to show, if he could, that this money thus in his hands was not subject to the garnishment of plaintiff. If he claimed that it was not so subject, by reason of any writing or for any other cause, he should have made it appear to the court and jury. Otherwise, the plaintiffs, under the proofs, would have been entitled to a verdict and judgment against him. 53 *Ga.*, 470 ; 61 *Id.*,

300; 5 Humph.. 446; 11 Ala., 155; Drake on Attachments.

Whenever tne plaintiff makes out such a case as would entitled him to recover without more, then it is incumbent on the defendant, in order to defeat the plaintiff, to remove by proofs all inferences that may be drawn from plaintiff's proofs of his liability upon failure to do this. The plaintiff will be entitled to have judgment in his favor. The decision of the court below being contrary to these views, the judgment is reversed in both cases.

udgment reversed.