## WESTERN ASSURANCE COMPANY *et al. v.* WAY, and *vice versa.*

1. Where two actions in favor of the same plaintiffs against different defendants were pending in the same court, and the issues involved in them and the evidence relating thereto were so nearly identical as to render it practicable to try both cases together before the same jury and at the same time, it was competent for the court, with the consent of counsel, to pass an order that these cases be consolidated to the extent of trying them together, and to provide in such order for the rendition of a separate verdict in each case.

2. Such a trial having been had and the jury having rendered in the plaintiff's favor a separate verdict against each of the defendants, it was the proper practice for each of them to file a separate motion for a new trial.

3. When this was done and the trial court thereupon passed an order consolidating the two motions, and then rendered a single judgment overruling both, this judgment was in effect the equivalent of two separate judgments overruling respectively the two motions.

4. While in such case both of the defendants undoubtedly had the several right of exception, thus consolidating and passing upon the two separate motions did not authorize the defendants to unite in one bill of exceptions, though they undertook therein to except "jointly and severally" to the judgment rendered. There is no law authorizing such a practice, nor conferring jurisdiction upon this court to entertain such a writ of error.
August 10, 1896.

Practice in Supreme Court.

*R. R. Richards,* for plaintiffs in error.
*Nicolson & McKethan,* contra.

SIMMONS, Chief Justice.

Mrs. Way, suing for herself and for the use of Fisher, brought an action in the city court of Savannah against the Western Assurance Company of Toronto, and another action in the same court against the British America Insurance Company of Toronto. By consent of counsel in both cases, the court passed an order in which, after reciting that the issues involved and the evidence relating thereto were so nearly identical that it was practicable for them to be tried together before the same jury and at the same time, it was directed that the cases be consolidated to the extent of trying them together, but that separate verdicts be rendered therein. The trial resulted in the plaintiff's favor, and a separate verdict was rendered against each of the defendants. Each defendant made a separate motion for a new trial, and the court, by consent of counsel, passed an order consolidating the motions, and rendered a single judgment overruling them. Both defendants then united in one bill of exceptions, in which they excepted "jointly and severally" to the judgment; and it is upon this bill of exceptions that the matter comes before us.

If the issues involved in both cases and the evidence relating thereto were so nearly identical as to render it practicable to try them together, it was competent for the court, with the consent of counsel, to pass an order that the cases be consolidated to the extent of trying them together, and to provide in the order for the rendition of a separate verdict in each case; and a separate verdict having been rendered against each defendant, it was proper practice for each of them to file a separate motion for a new trial. When this was done and the trial judge thereupon passed an order consolidating the two motions and rendered one judgment overruling both, this judgment was in effect the equivalent of two separate judgments overruling respectively the two motions, and the defendants undoubtedly had the several right of exception. But the consolidat-

ing and passing upon the two separate motions in this manner did not authorize the defendants to unite in one bill of exceptions. There is no law authorizing such a practice, and none conferring jurisdiction upon this court to entertain such a writ of error. Each defendant was sued upon a distinct and separate contract from the other, and found liable in a different verdict. In the one case there would be no liability under, and no right to except to, the judgment rendered in the other. There was nothing in common between them except that the insurance in each case applied to the same property, and the loss sued for was occasioned by the same fire, and the liability in each was dependent upon a like state of facts to that which existed in the other. But while this rendered it practicable and convenient to try the cases together, it did not authorize joint exceptions to a judgment which was in effect two separate judgments against different parties.

A case bearing closely upon this question is that of *Bones et al.* v. *National Exchange Bank of Augusta,* 67 *Ga.* 339. Mrs. Bones, as widow of John S. Bones, petitioned for dower out of certain real estate, and as administratrix sued the National Exchange Bank of Augusta for rent for a third interest in this real estate. The two cases were tried upon the same testimony, and in each the court decided in favor of the bank. According to the agreement of counsel, the court ordered that the motions for a new trial should be heard and determined together, and but one transcript of the record forwarded to the Supreme Court to answer for both cases. The case was brought to this court upon a joint bill of exceptions, and the court dismissed the writ of error, holding that it had no jurisdiction to entertain a writ of error brought in this manner. Jackson, C. J., in delivering the opinion of the court, said: "We are not aware of any statute of the State which invests the superior court with power to adjudge in what manner cases shall be brought to this court, and to determine

how many and what cases tried before that court shall come here with but one bill of exceptions. Nor do we see that the request and consent of counsel on both sides. can sanctify the judgment so as to make it valid. If two, involving the distinct rights of a widow and of an estate, can be thus combined, any other number, if the defendant be the same person, may be consolidated, no matter how different the plaintiffs may be." "Principle and uniformity of practice, jurisdiction and the right under the law to act upon cases here, demand that we dismiss this bill of exceptions, because in it two cases between different parties are brought here." "We regard the principle applied of the utmost importance; that a smooth, clear record, and statement of errors and evidence bearing upon one case between one plaintiff, or set of plaintiffs, in the same right, and one defendant, or set of defendants, in the same right, are essential to correct adjudications of legal questions here, and therefore we feel it our duty to dismiss this writ of error." See, also, *Pupke, Reid & Phelps* v. *Meador*, 72 *Ga.* 230, where the decision above referred to is approved and followed.                    *Writ of error dismissed.*