ERWIN *v.* ENNIS, administrator, *et al.*

An agreement between counsel that "three causes be submitted to the finding and decision, as to all facts and law, of [the presiding judge], without the intervention of a jury," did not amount to a consolidation of the cases, and did not authorize the losing party, who was a party to all three of the cases, to make only one motion for a new trial, and upon the same being overruled, to file one bill of exceptions to this court attempting to bring all three of the cases for decision here. This court has no jurisdiction to entertain such a bill of exceptions, and, therefore, in such a case the writ of error will be dismissed, notwithstanding the fact that it appears that the three cases relate to the same fund or property, each case being between different parties.

Argued June 17, — Decided July 28, 1898.

Practice in Supreme Court.

*Dean & Dean* and *A. G. Ewing*, for plaintiff in error.
*McHenry & Nunnally* and *J. W. Ewing*, contra.

COBB, J.　Three cases were pending in the superior court of Floyd county. The following agreement was entered into in reference to the same:

"C. C. Erwin *vs.* Woodacry & McPherson and Rome Iron Company, garnishee.　No. 74 Sept. term, 1893, of Floyd superior court.　Garnishment before a justice of the peace. Answer of garnishee.　Traverse.　Judgment, and appeal by garnishee.

"Rome Iron Company *vs.* C. C. Erwin and L. W. Raynes. No. 47 Floyd superior court. March term, 1894. Petition for injunction, interpleader, etc. Filed Jan. 30, 1894. ·

"C. C. Erwin, plff. in fi. fa., *vs.* Woodacry & McPherson, deft. in fi. fa., Rome Iron Company, garnishee, and L. W. Raynes, claimant. No. 89 Floyd superior court. March term, 1894. Claim affidavit and bond.

"The undersigned, of counsel for the respective parties above, do hereby consent and agree that the above-stated three causes be submitted to the finding and decision, as to all facts and law, of the Hon. W. M. Henry, judge of Floyd superior court, without the intervention of a jury. This 23d July, 1897.

"J. W. Ewing, Atty. for Rome Iron Co.

"A. G. Ewing and Dean & Dean, Attys. for Erwin.

"McHenry & Nunnally, Attys. for W. H. Ennis, administrator of Raynes."

Under authority of this agreement, the presiding judge made a decision which finally disposed of each case. While the decision is embodied in one order, there is in it a separate and distinct judgment in each case. It appears that the subject-matter in each case is the same, and three distinct cases arose from the fact that different parties were interested in the fund which was involved in all of them. The judgment rendered in each of the cases resulted adversely to one who was a party to all of them. One motion for a new trial was made by him in all of the cases, which being overruled, a single bill of exceptions was sued out to bring the case to this court.

Whether it was in the power of the judge of the superior court to consolidate the three cases into one, so far as to authorize one motion for a new trial, and one bill of exceptions, is a question not necessary to be decided in the present case. The agreement above quoted can in no event be construed to be a consent that the cases be consolidated. By its very terms it recognizes that there are three separate and distinct cases, and they are submitted to the decision of the presiding judge, not as one consolidated case, but as three separate and distinct cases. Properly construed, the agreement accomplishes only two purposes: first, that all of the cases should be heard by the

presiding judge without the intervention of a jury; and second, that they should be heard at the same time. There being three separate cases, and no order of consolidation, a motion for a new trial by the losing party was necessary in each case to authorize the judge to review his rulings; and this being true, a single bill of exceptions which attempted to bring to this court the three distinct cases was nugatory. *Western Assurance Co.* v. *Way*, 98 *Ga.* 746; *Hicks* v. *Walker*, 105 *Ga.*

*Writ of error dismissed. All the Justices concurring.*