PURVIS *et al. v.* FERST'S SONS & COMPANY.

When in each of several cases between the same parties there was a demurrer by the plaintiff to the answer of the defendant, and by agreement, but without consolidating the cases into one, the demurrers were "heard together," the defendant could not properly sue out a single bill of exceptions assigning error solely upon the sustaining of such demurrers; and this is so although, after the demurrers were sustained, the cases were by a formal order consolidated into one and tried as such, and a verdict and judgment were therein rendered for the plaintiff.

Submitted January 8, — Decided February 6, 1902.

Motion to dismiss writ of error.

*E. H. Williams*, for plaintiffs in error. *L. Kennedy*, contra.

LUMPKIN, P. J. Four separate and distinct actions, each founded upon a promissory note, were brought by M. Ferst's Sons & Company against Purvis and others. The defendants filed an answer in each case, and the plaintiffs filed a separate demurrer to each answer. The bill of exceptions recites that "the demurrers filed by said plaintiffs to the pleas of the defendants, being exactly alike in each case, were heard together, and were by the court sustained;

to which ruling sustaining said demurrers defendants excepted, still except, and now assigns the same as error." The bill of exceptions further recites that after the demurrers were sustained "the said four cases were then, by order duly granted, consolidated and tried as one case before a jury," and that the plaintiffs obtained a verdict and judgment against the defendants for the full amount of principal and interest due upon all of the notes. On the calling of the case here, the defendants in error moved to dismiss the writ of error on the ground that the bill of exceptions shows "that plaintiffs in error have brought to this court for review in a single bill of exceptions four separate and distinct judgments of the lower court rendered in four separate and distinct cases in that court."

We are of the opinion that the motion to dismiss is well taken and should be sustained. It is settled by the decision in *Wells* v. *Coker Banking Co.*, 113 *Ga.* 857, that a mere agreement to try several cases together does not amount to a consolidation of the cases into one, and that, under such circumstances, the losing party can not, by a single bill of exceptions, "bring to this court for review the judgments severally rendered in such cases in the court below." In the opinion delivered in the case last cited, reference is made to the case of *Erwin* v. *Ennis*, 104 *Ga.* 861. There, three cases, without being consolidated, were submitted to the decision of the presiding judge without the intervention of a jury. Though he disposed· of them by a single order, it was nevertheless held that the losing party could not, by a single bill of exceptions, bring the three cases here for review. It does not, in the case now before us, affirmatively appear whether the "ruling" made by the judge in disposing of the several demurrers to the defendants' answers was embodied in one order or several, but this makes no difference; for even if only a single order was passed, it should be treated as a judgment applying severally and seriatim to each of the four demurrers. It appears, then, that the parties to the four cases, though consenting that they be heard together, so far as concerned action upon the demurrers, chose to keep the cases separate and not to consolidate them until after the demurrers had been disposed of. Then came the consolidation, and the verdict and judgment disposing of all the cases as one. It may be that the defendants would have had the right, by a single bill of exceptions, to complain of the final judgment; for it, in view of what occurred, related to a

single case. But this is not what the plaintiffs in error did. They excepted only to judgments rendered in separate and distinct cases, before any consolidation took place. This, under the principles laid down in the two cases cited above, was not, under the law, allowable. It will be observed that in sustaining the motion to dismiss, we are dealing with these cases exactly as the court and counsel did at the trial below; that is, we are treating them as being separate and distinct causes up to and including the point where the judgments excepted to were rendered. The inevitable result is the conclusion announced in the headnote.

*Writ of error dismissed. All the Justices concurring.*