BROWN *et al. v.* LOUISVILLE AND NASHVILLE RAILROAD CO. *et al.*

COBB, J. 1. An order passed, upon an agreement between counsel, that two suits, each based solely upon a common-law cause of action, in favor of different plaintiffs against the same defendants, " be consolidated and tried together," does not have the effect to merge the two cases into one, but the effect of such order is to provide simply that the suits be consolidated only to the extent of being tried together. *Erwin* v. *Ennis*, 104 *Ga.* 861; *Wells* v. *Coker Bkg. Co.*, 113 *Ga.* 857; *Purvis* v. *Ferst*, 114 *Ga.* 689.

2. When under such an agreement the two cases are tried together upon demurrers filed in each by the defendants, and a separate judgment sustaining the demurrer in each case has been entered up, the plaintiffs have a right to except separately to such judgments. Where, however, the plaintiffs bring but a single bill of exceptions to this court and seek thereby to review both the judgments, the writ of error must be dismissed; for this court has no jurisdiction. *Walker* v. *Conn*, 112 *Ga.* 314, and cases cited; *Wells* v. *Coker Bkg. Co.*, *Purvis* v. *Ferst*, supra. See also *Bates* v. *Harris*, 112 *Ga.* 34.
*Writ of error dismissed.* By four Justices. Candler, J., disqualified.

Argued January 28, — Decided February 11, 1903.

Motion to dismiss the writ of error.

*T. J. Ripley*, for plaintiffs.

*Joseph B. & Bryan Cumming* and *M. A. Candler*, for defendants.

---

CENTER *et al. v.* FICKETT PAPER COMPANY.

FISH, J. 1. Where two common-law actions, in favor of different plaintiffs against the same defendant, were tried together before the same jury, in accordance with an order of court that they be "consolidated and tried together," and a separate judgment of nonsuit was rendered in each case, this court has no jurisdiction of a single bill of exceptions, jointly sued out by the plaintiffs, wherein it is sought to have both judgments reviewed; and the writ of error must be dismissed. *Brown* v. *L. & N. R. Co.*, supra, and cases cited.

2. For want of jurisdiction in such a case, this court can not entertain a motion made by one of the plaintiffs in error that his name be stricken from the bill of exceptions and that the case proceed in the name of the other plaintiff in error. *Writ of error dismissed.* By five Justices.

Argued January 27, — Decided February 11, 1903.

Motion to dismiss the writ of error.

*Burton Smith* and *George Gordon*, for plaintiffs.

*Alexander & Powers*, for defendant.