### 7545. JONES et al. v. MARIL.

LUKE, J. 1. A garnishment proceeding makes a case separate and distinct from that in aid of which it is instituted. It involves different parties, different issues, and a different cause of action; it requires a special place on the docket, and a separate trial on the merits; and, where instituted in aid of a pending action, it can not be tried until the main case is disposed of by a final judgment. Civil Code (1910), §§ 5269, 5281, 5292; Hammett v. Morris, 55 Ga. 644; Fourth National Bank v. Mayer, 89 Ga. 108 (14 S. E. 891); N., C. & St. L. Ry. v. Brown, 3 Ga. App. 561 (60 S. E. 319).

2. The defendant in the main case is not a party to a garnishment which is undissolved; and in such a case he will not be heard to complain of the judgment rendered in favor of the plaintiff against the garnishee. Civil Code (1910), § 5280; Connally v. Rice, 77 Ga. 312; Foster v. Haynes, 88 Ga. 240 (14 S. E. 570); Leake v. Tyner, 112 Ga. 919 (38 S. E. 343).

3. The garnishee has no concern with the merits of the controversy between the plaintiff and the defendant any further than to see that, before judgment is rendered against himself on the garnishment, there is a judgment against the defendant in the main case which is not void. The garnishee therefore will not be heard to complain of a judgment in favor of the plaintiff and against the defendant alone. Civil Code (1910), § 5292; Exchange Bank v. Freeman, 89 Ga. 771 (15 S. E. 693).

4. Where, as in this case, the garnishment is undissolved, and two separate judgments are rendered in favor of the plaintiff, one against the defendant in the main case and the other against the garnishee in the garnishment case (both cases being tried by the judge without a jury), such defendant and the garnishee are not joint parties to either proceeding, and will not be permitted to consolidate the two distinct proceedings by uniting in a motion which they denominate as their "joint and separate motion for a new trial," wherein they complain that the separate judgment against each of them was contrary to law and without sufficient evidence to support it. Such a proceeding does not bring into question the sufficiency of the evidence to support either of the judgments thus complained of. Bones v. National Exchange Bank, 67 Ga. 339; Pupke v. Meador, 72 Ga. 230; Western Assurance Co. v. Way, 98 Ga. 746 (4) (27 S. E. 167); Morgan v. Latham, 111 Ga. 835 (36 S. E. 99).

5. Such joint motion for a new trial was a mere nullity, and should have been dismissed as such in the trial court; but, no ruling upon this point having been invoked by the plaintiff, the trial judge did not err in attaining substantially the same result by overruling the motion. Rich v. Kiser, 61 Ga. 370; Morgan v. Latham, supra.

6. The sole assignment of error in the bill of exceptions being based upon the judgment of the trial court overruling such a void motion for a new trial, the writ of error must be dismissed. Bones v. Bank, Pupke v. Meador, and Western Assurance Co. v. Way, supra; Erwin v. Ennis,

104 *Ga.* 861 (31 S. E. 444); *Hicks* v. *Walker,* 105 *Ga.* 480 (30 S. E. 383); *Haralson County* v. *Pittman,* 105 *Ga.* 513 (31 S. E. 183); *Walker* v. *Conn,* 112 *Ga.* 314 (37 S. E. 403); *Wells* v. *Coker,* 113 *Ga.* 857 (39 S. E. 298).

    *Writ of error dismissed. Wade, C. J., and George, J., concur.*

DECIDED FEBRUARY 1, 1917. REHEARING DENIED FEBRUARY 16, 1917.

Garnishment; from city court of Savannah—Judge Davis Freeman. May 20, 1916.

*Shelby Myrick, Payne & Jones,* for plaintiffs in error.
*Morris H. Bernstein, David S. Atkinson,* contra.