## AVERITT *v.* SIMPSON *et al.*

Where two cases, brought by the same plaintiffs but against different defendants, were referred to an auditor to be tried and disposed of together, but no order consolidating the cases into one was taken, and where exceptions of law and of fact to the report of the auditor were filed by the plaintiffs, which were overruled by the judge, and the plaintiffs brought both cases here for review in one bill of exceptions, assigning error on the decree as rendered, on the grounds that it was contrary to law and evidence, and that it was error for all the reasons stated in the bill of exceptions, the writ of error will be dismissed upon the ground that there were two distinct causes and two actions, and that this court is without jurisdiction to entertain such single bill of exceptions.

No. 411. NOVEMBER 15, 1917.

Exceptions to auditor's report; from Early superior court. Motion to dismiss the writ of error.

W. F. Averitt, Mary Gray, and T. J. Averitt brought their petition against W. O. Hilton and A. C. Spence, returnable to the October term, 1911, of the superior court; and the same plaintiffs brought another petition against A. L. Harris and A. D. Averitt, returnable to the April term, 1912, of the same court. At the October term, 1912, counsel representing the respective parties entered into an agreement reciting that whereas the parties in the above-stated cases are asserting divers claims of title to the Abner

Averitt plantation, consisting of lots of land 186, 187, 174, and 175, in Early County, and the settlement of the disputes in said cases would settle only the title and interest of such parties to the lots of land 186, 174, and 175, and it is the desire and to the interest of all the parties, as well as of two other claimants, Maude Simpson and R. C. McAllister, that the title to all the lands composing the Abner Averitt plantation be disposed of and settled in one suit as early as possible, it is agreed that all the foregoing matters be submitted to an auditor, with all powers conferred upon him necessary to carrying out the wish of the parties as above stated; and that he have authority to allow amendments to the pleadings, make new parties, and pass upon all demurrers and questions of law and fact. Under this agreement it was ordered by the court that the two cases be referred to an auditor, who was to hear and determine all questions of law and fact arising in the cases. T. B. Harris, Maude Simpson, and R. C. McAllister filed their separate interventions, setting up the titles claimed by them. The auditor heard the cases under this order, and in due time made his report. W. F. Averitt and T. J. Averitt filed exceptions of law and fact to the report. The exceptions filed by T. J. Averitt were afterward dismissed for want of prosecution. All the exceptions filed by W. F. Averitt were overruled; and he excepted to this ruling, and to the decree rendered (which was in accordance with the rulings in the auditor's report), on the grounds that it was contrary to the law and the evidence, and that it was erroneous for all the reasons stated in the exceptions of law and fact which had been overruled. All the defendants to the original petitions and the intervenors were named as defendants in the bill of exceptions. When the case was called for hearing in this court the defendants moved to dismiss the writ of error, on the ground that the plaintiff had sought to bring up for review, in a single bill of exceptions, the judgments rendered in two distinct suits and causes of action against different defendants.

*E. L. Smith,* for plaintiff. *B. R. Collins,* for defendants.

BECK, P. J. The motion to dismiss the writ of error must prevail. The order referring the two cases to the auditor for a hearing did not have the effect of consolidating the cases or causes of action. The cases were brought at different terms of the court, and were against different defendants. The mere fact that these cases were

heard by the auditor at the same time and under one order re-
ferring them could not have the effect of an order consolidating the
cases. They remained two several and distinct causes of action.
And while the court in one decree and based upon the report of
the auditor adjudicated as to the rights of the several parties to
the two causes of action, it was nevertheless a several decree and
judgment, and the plaintiff should, in order to bring the several
judgments here for review, have sued out a bill of exceptions in
each of the cases. This ruling needs no elaboration; it has been
explicitly decided in former decisions by this court. In the case
of *Purvis* v. *Ferst,* 114 *Ga.* 689 (40 S. E. 723), it was said, in the
headnote: "When in each of several cases between the same par-
ties there was a demurrer by the plaintiff to the answer of the de-
fendant, and by agreement, but without consolidating the cases
into one, the demurrers were 'heard together,' the defendant could
not properly sue out a single bill of exceptions assigning error
solely upon the sustaining of such demurrers; and this is so al-
though, after the demurrers were sustained, the cases were by a
formal order consolidated into one and tried as such, and a verdict
and judgment were therein rendered for the plaintiff." In the
opinion it was said: "We are of the opinion that the motion to
dismiss is well taken and should be sustained. It is settled by
the decision in *Wells* v. *Coker Banking Co.,* 113 *Ga.* 857 [39 S. E,
298], that a mere agreement to try several cases together does not
amount to a consolidation of the cases into one, and that, under
such circumstances, the losing party can not, by a single bill of ex-
ceptions, 'bring to this court for review the judgments severally
rendered in such cases in the court below.' In the opinion de-
livered in the case last cited, reference is made to the case of *Er-
win* v. *Ennis,* 104 *Ga.* 861 [31 S. E. 444]. There, three cases,
without being consolidated, were submitted to the decision of the
presiding judge without the intervention of a jury. Though he
disposed of them by a single order, it was nevertheless held that
the losing party could not, by a single bill of exceptions, bring the
three cases here for review. It does not, in the case now before us,
affirmatively appear whether the 'ruling' made by the judge in
disposing of the several demurrers to the defendants' answers was
embodied in one order or several, but this makes no difference;
for even if only a single order was passed, it should be treated as a

judgment applying severally and seriatim to each of the four demurrers." In the case of *Wells* v. *Coker Banking Co.,* supra, it was held: "The mere fact that several separate and distinct cases 'arising under the same contract,' and being between the same parties, were 'by agreement, . . tried together' before the judge 'presiding as judge and jury,' did not have the effect of consolidating these cases into one, so as to authorize the losing party, by a single bill of exceptions, to bring to this court for review the judgments severally rendered in such cases in the court below." In *Brown* v. *L. & N. R. Co.,* 117 *Ga.* 222 (43 S. E. 498), it was held: (1) "An order passed, upon an agreement between counsel, that two suits, each based solely upon a common-law cause of action, in favor of different plaintiffs against the same defendants, 'be consolidated and tried together,' does not have the effect to merge the two cases into one, but the effect of such order is to provide simply that the suits be consolidated only to the extent of being tried together," citing the *Erwin, Wells,* and *Purvis* cases, supra. (2) "When under such an agreement the two cases are tried together upon demurrers filed in each by the defendants, and a separate judgment sustaining the demurrer in each has been entered up, the plaintiffs have a right to except separately to such judgments. Where, however, the plaintiffs bring but a single bill of exceptions to this court and seek thereby to review both the judgments, the writ of error must be dismissed; for this court has no jurisdiction. *Walker* v. *Conn,* 112 *Ga.* 314 [37 S. E. 403], and cases cited; *Wells* v. *Coker Bkg. Co., Purvis* v. *Ferst,* supra. See also *Bates* v. *Harris,* 112 *Ga.* 34 [37 S. E. 105]."

The fact that the court, in an order passed after the cases were heard, may have referred to the order taken as one of consolidation, did not have the effect of converting the original order into one of actual consolidation or merger of the two cases. In order to consolidate two cases so as to make them actually one, it was necessary that there should have been an order to that effect. Such an order is not a mere formal matter; it affects the material rights of the parties in the case, and parties may except to an order of consolidation improperly granted. In the case of *City of Dalton* v. *Elk Cotton Mills,* 146 *Ga.* 89 (90 S. E. 718), it was ruled: "It is error to consolidate two or more cases which are not between the same parties and which do not involve the same pleas

upon which the same judgment may be rendered." And in the case of *Center* v. *Fickett Paper Company,* 117 *Ga.* 222 (43 S. E. 498), it was held: (1) "Where two common-law actions, in favor of different plaintiffs and against the same defendant, were tried together before the same jury, in accordance with an order of court that they be 'consolidated and tried together,' and a separate judgment of nonsuit was rendered in each case, this court has no jurisdiction of a single bill of exceptions, jointly sued out by the plaintiffs, wherein it is sought to have both judgments reviewed; and the writ of error must be dismissed;" citing *Brown* v. *L. & N. R. Co.,* supra. (2) "For want of jurisdiction in such a case, this court can not entertain a motion made by one of the plaintiffs in error that his name be stricken from the bill of exceptions and that the case proceed in the name of the other plaintiff in error."

It follows from what we have said that this court is without jurisdiction to entertain the writ of error.

*Writ of error dismissed. All the Justices concur.*