## POWELL et al. v. THE STATE OF GEORGIA.

1. Where a rule nisi for contempt of court was brought against two defendants jointly, and they made a joint answer thereto and were tried together, and the judge sitting both as a court and jury, after hearing evidence, rendered two separate judgments, in one of which he adjudged one of the defendants to be in contempt of court and sentenced him to pay one hundred dollars and to serve twenty days in jail, and in the other he adjudged the other defendant to be in contempt of court and sentenced him to pay one hundred dollars, the two defendants in these circumstances may bring a joint bill of exceptions from such judgment to the court having jurisdiction thereof. Nothing in the foregoing ruling is to be construed as preventing each of the defendants from excepting to the judgment in his own case.

2. Conceding, without deciding, that the city court of Miller county " has no inherent power to define contempts of court," still under § 4643 of the Civil Code of 1910 the city court of Miller county has authority to issue attachments and inflict summary punishment for contempt of court in the circumstances enumerated in the second question propounded by the Court of Appeals, and which is answered in the second division of the opinion.

No. 2588.   September 15, 1921.

Questions certified by Court of Appeals (Case No. 11964).

*G. B. Cowart, Benton Odom,* and *E. E. Cox,* for plaintiffs in error.   *N. L. Stapleton, solicitor,* contra.

Hill, J.   1.  The Court of Appeals requested instructions upon the following questions, a determination of which is necessary for a decision of this case:

"1.  A rule nisi for contempt of court was brought against two defendants jointly; they made a joint answer thereto, and were tried together.  After hearing evidence the judge, who was sitting both as court and jury, rendered two separate written findings and judgments; in one he adjudged one of the defendants to be in contempt of court, and sentenced him to pay one hundred dollars and to serve twenty days in jail; and in the other he adjudged the other defendant to be in contempt of court and sentenced him to pay one hundred dollars.   Under these circumstances can the two defendants bring a joint bill of exceptions to this court?

"2.  If the above question is answered in the affirmative, then an answer is requested to the following question: Several criminal cases against Dewey Powell and Frank Heard were pending in the city court of Miller county, and Elisha Roland had been subpœnaed to attend at a certain specified term of the court as a witness for the State in those cases.   The witness Roland lived in Early county.   Upon the hearing of the contempt proceedings the evidence for the State showed that after the witness Roland had been subpœnaed but before he had appeared as court, the fathers of Dewey Powell and Frank Heard saw him in Early county and endeavored to bribe him to leave the State, and not to appear and testify against their sons in the city court of Miller county.   There was also evidence which authorized a finding that the father of Dewey Powell, while the above-mentioned cases were pending in the city court of Miller county, and after the witness Roland had been subpœnaed as a witness therein and before he had appeared at court, endeavored in the county of Miller

to bribe another person to prevent the witness Roland from attending court as a witness against his son. Conceding that the city court of Miller county has no inherent power to define contempts of court, and is limited to those set out in section 4643 of the Civil Code of 1910 (*Hewitt* v. *State,* 12 *Ga. App.* 168, 76 S. E. 1054), has that court authority, under the foregoing circumstances, to punish the fathers of Dewey Powell and Frank Heard, or either of them, for a contempt of court?"

1. The first question propounded by the Court of Appeals must be answered in the affirmative. Undoubtedly each one of the defendants had the right to except to the judgment rendered against him separately, but the two defendants *can* bring a joint bill of exceptions to review the judgments by one writ of error. The case of *Futch* v. *Mathis,* 148 *Ga.* 558 (97 S. E. 516), was where two separate actions were brought against two defendants, and by agreement of counsel they were consolidated and tried as one case, and separate verdicts and judgments were rendered in each case in favor of the plaintiffs. By agreement of counsel representing both suits, motions for new trial were consolidated and heard as one motion upon one record, and there was but one judgment overruling the two motions, and but one bill of exceptions was brought to this court. It was held in that case that each of the defendants had the right to except to the overruling of the motion for new trial in his own case. But it was further held that the consolidation of the two motions for new trial, and the overruling of the motions in one judgment, did not authorize the two defendants to unite in one bill of exceptions to review judgments in two distinct cases by one writ of error. The writ of error in that case was dismissed, because this court was of the opinion that there was no provision of law for such procedure, and that the Supreme Court was without jurisdiction to entertain such bill of exceptions. The following cases were cited in support of that view: *Western Assurance Co.* v. *Way,* 98 *Ga.* 746 (27 S. E. 167); *Center* v. *Fickett Paper Co.,* 117 *Ga.* 222 (43 S. E. 498); *Dickey* v. *State,* 101 *Ga.* 572 (28 S. E. 980); *Averitt* v. *Simpson,* 147 *Ga.* 352 (94 S. E. 242); *Cutter* v. *Central Bank etc.,* 147 *Ga.* 754 (95 S. E. 285). And see also, to the same effect, *Walker* v. *Conn,* 112 *Ga.* 314 (37 S. E. 403); *Erwin* v. *Ennis,* 104 *Ga.* 861 (31 S. E. 444); *Bates* v. *Harris,* 112 *Ga.* 32, 34 (37

S. E. 105); *Wells* v. *Coker Banking Co.,* 113 *Ga.* 857 (39 S. E. 298); *Purvis* v. *Ferst's Sons & Co.,* 114 *Ga.* 689 (40 S. E. 723); *Cole* v. *Stanley,* 118 *Ga.* 259 (45 S. E. 282); *Valdosta Guano |Co.* v. *Hart,* 119 *Ga.* 909 (47 S. E. 212).

In the cases cited in support of the *Futch* case, supra, and like /cases there were two cases to be tried, but by agreement or order consolidating the two cases they were tried as one; and in the case of *Brown* v. *L. & N. R. Co.,* 117 *Ga.* 222 (43 S. E. 498), this court held that an order passed upon agreement of counsel that two suits, each based solely upon a common-law cause of action in favor of different plaintiffs and against the same defendants, did not have the effect to merge the two cases into one, but the effect of such order was to provide simply that the suits should be consolidated only to the extent of being tried together. But in the present case it appears that there was but one rule nisi against the defendants jointly for contempt; and while there were two separate judgments by the judge sitting both as court and jury, the judgment was the same in each case, except as to the degree of punishment inflicted upon each defendant, which was different. So that the present case is distinguishable from the *Futch* case, and those upon which it was based, and similar cases, in that there were two cases really, and judgments entered in those cases; whereas there was but one case tried in the present instance. This being so, we think that a single bill of exceptions will lie in the case under consideration, and that the court in which the bill of exceptions is pending has jurisdiction to determine the same.

2. Conceding, without deciding, that the city Court of Miller county "has no inherent power to define contempts of court," we will consider whether that court has power to punish for contempts, under the Civil Code (1910), § 4643. That section is as follows: "The powers of the several courts of this State to issue attachments and inflict summary punishment for contempt of court shall not extend to any cases, except the misbehavior of any person or persons in the presence of said courts or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any officer of said courts, party, juror, witness, or other person or persons to any

lawful writ, process, order, rule, decree, or command of said courts;" etc. The latter part of the same section provides that "the disobedience or resistance of any officer of said courts, party, juror, witness, *or other person or persons to any lawful writ, process, order, rule, decree, or command of the said courts*" [italics ours], shall be a contempt of court. From the statement of facts contained in the second question propounded by the Court of Appeals we think it is clear that the fathers of the boys indicted were not "disobedient" to, but did, under the above section of the code, "resist" the lawful writ of the court. The word "resist" here no doubt was used by the legislature in its ordinary and usual signification. The word "resist" is defined in the Standard Dictionary as follows: "to oppose, strive against, or obstruct, . . to bring to naught, to baffle," etc.; and the conduct of the contemnors in this case falls within practically all of the descriptive terms contained in this definition. The bribing or attempting to bribe the witness who had been subpœnaed to appear against the sons of the respondent was opposing, striving against, or attempting to obstruct the processes of the court, and was intended to bring to naught and baffle such processes of the court, and therefore, in every respect, falls within the meaning given by the lexicographers to the word "resist" as contained in § 4643 of the Civil Code of 1910, and should be given the meaning here ascribed to it in view of the context of the statute; though it would not necessarily be applicable to the term "resist" as used in the Penal Code (1910), § 311, because there the act of resisting contemplated and denounced as criminal is one committed while the officer is in the act of executing or attempting to execute some process of the court. We think, therefore, that the city court of Miller county has authority, under the circumstances detailed in question 2, to issue attachments and inflict summary punishment upon the fathers of Dewey Powell and Frank Heard, or either of them, for a contempt of court under the Civil Code, § 4643, on the ground that they bribed or attempted to bribe the witness from attending court in obedience to the subpœna. We do not think, however, that the mere effort to secure the services of a third person to induce the witness not to attend, where there is nothing to show that this effort to secure such services resulted in an effort upon the part of the third person to bribe the witness,

would of itself constitute a comtempt within the meaning of this statute. We think, therefore, the second question propounded by the Court of Appeals must likewise be answered in the affirmative, except as to the conduct of one of the contemnors in endeavoring to bribe a third person to prevent the witness Roland from attending court as a witness against the respondents' sons, which would not be a contempt of court, as indicated above.

*All the Justices concur.*