## 11964. POWELL *et al.* v. STATE OF GEORGIA.

1. " Where a rule nisi for contempt of court was brought against two defendants jointly, and they made a joint answer thereto and were tried together, and the judge sitting both as a court and jury, after hearing evidence, rendered two separate judgments, in one of which he adjudged one of the defendants to be in contempt of court and sentenced him to pay one hundred dollars and to serve twenty days in jail, and in the other he adjudged the other defendant to be in contempt of court and sentenced him to pay one hundred dollars, the two defendants in these circumstances may bring a joint bill of exceptions from such judgment to the court having jurisdiction thereof. Nothing in the foregoing ruling is to be construed as preventing each of the defendants from excepting to the judgment in his own case."

2. Conceding, without deciding, that the city court of Miller county " has no inherent power to define contempts of court," still, under § 4643 of the Civil Code of 1910, the city court of Miller county has authority to issue attachments against, and inflict summary punishment for contempt of court on, any person who bribes or attempts to bribe a witness not to appear and testify in obedience to his subpœna, even though the bribery is completed or the attempt to bribe is made in a county different from that in which the case is pending.

DECIDED NOVEMBER 18, 1921.

Attachment for contempt; from city court of Miller county — Judge Geer. September 3, 1920.

*G. B. Cowart, Benton Odom, E. E. Cox,* for plaintiff in error.

*N. L. Stapleton, solicitor,* contra.

BLOODWORTH, J. This case was certified by this court to the Supreme Court, and the full opinion of that court will be found in 152 *Ga.* (108 S. E. 464). The first of the headnotes to this case is in the exact language of the first headnote of the Supreme Court, while the second is in substance the same as the second headnote to the opinion of that court. Under the first of these rulings there is no merit in the motion to dismiss the writ of error. The ruling in the second headnote is controlling as to the issues raised, and shows that the judge who presided in the trial court did not err in his findings.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*