*Lamar C. Rucker,* contra.

21380.   ALLEN *et al. v.* WOODS.

DECIDED DECEMBER 17, 1931.

*C. L. Redman, W. E. Watkins,* for plaintiffs.

*Joel B. Mallet,* for defendant.

JENKINS, P. J.   Two persons who suffered personal injuries in an automobile accident filed separate suits against the same defendant.   By consent of parties it was agreed that "the said cases should be consolidated and tried together by the same jury on the same evidence, but that separate verdicts should be returned in each case, but aside from that the cases should proceed together and not separately."   The jury found in favor of the defendant, and separate verdicts and judgments in favor of the defendant were entered in each case.   The two plaintiffs filed one motion for a new trial, which was overruled, and to this ruling they excepted in one bill of exceptions, brought in the name of both plaintiffs as joint plaintiffs in error.

While suits between the same parties, arising under the same contract, involving the same plea, and upon which the same verdict may be rendered, may be consolidated if the aggregate does not exceed the jurisdiction of the court (Civil Code (1910), § 5520), the instant suits were not between the same parties, but each was a separate suit filed by a separate plaintiff against the same defendant, although on a cause of action growing out of the same transaction.   They were not, therefore, subject to consolidation so as to become one case, and it does not appear that any order of consolidation was in fact entered, but it appears that the court, by consent of counsel, merely permitted the cases to be tried together, separate verdicts and judgments being entered.   It was not proper, therefore, for a single motion for a new trial to be filed in the name of both plaintiffs; but since there was no motion to dismiss the motion for a new trial upon such ground, the single order of the court overruling that motion will be taken as in effect the equivalent of two separate judgments overruling two separate motions.   *Western Assurance Co.* v. *Way*, 98 *Ga.* 746 (27 S. E. 167).   This court, however, is without jurisdiction to entertain the writ of error based on a single joint bill of exceptions brought in the name of both plaintiffs, and it must necessarily be dismissed.   *Cutter* v. *Central Bank & Trust Corp.*, 147 *Ga.* 754 (95 S. E. 285); *Futch* v. *Mathis*, 148 *Ga.* 558 (97 S. E. 516); *Purvis* v. *Ferst*, 114 *Ga.* 689 (40 S. E. 723); *Wells* v. *Coker Banking Co.*, 113 *Ga.* 857 (39 S. E. 298); *Erwin* v. *Ennis*, 104 *Ga.* 861 (31 S. E. 444); *Brown* v. *L. & N. R. Co.*, 117 *Ga.* 222 (43 S. E. 498); *Walker* v. *Conn*, 112 *Ga.* 314 (37 S. E. 403); *Averitt* v. *Simpson*, 147 *Ga.* 352 (94 S. E.

242); *Sellers* v. *McNair*, 42 *Ga. App.* 731, 733, 734 (157 S. E. 373); *Paschal* v. *Morgan*, 19 *Ga. App.* 245 (91 S. E. 285), and cit. Writ of error dismissed. *Stephens and Bell, JJ., concur.*