## 21399. PEARSON *v.* STAMEY *et al.*

PER CURIAM. 1. When a defendant in a mortgage fi. fa. files an affidavit of illegality to a levy under it, and a third person files a claim to the property levied on, the affidavit of illegality and the claim make two separate cases, and the defendant in fi. fa. is not a party to the claim case, and the claimant is not a party to the case made by the filing of the affidavit of illegality. *Central Bank* v. *Georgia Grocery Co.*, 120 *Ga.* 883 (48 S. E. 325); *Keith* v. *Hughey*, 138 *Ga.* 769 (3) (76 S. E. 91); *Brooks* v. *Winkles*, 139 *Ga.* 732 (3) (78 S. E. 129); *Becker* v. *Truitt*, 39 *Ga. App.* 286 (146 S. E. 654).

2. Where two such cases were tried together and, whether they could have been consolidated as one case, there was no attempt so to consolidate them, and where the trial resulted in one verdict finding in favor of the defendant in fi. fa., and also in favor of the claimant, the verdict should be treated as two separate verdicts, one in favor of the defendant in fi. fa. and the other in favor of the claimant, and it did not authorize the plaintiff in fi. fa., as the losing party in each case, to file a single or joint motion for a new trial, and, upon its being overruled, to file one bill of exceptions to review the trial of both of such cases. *Western Assurance Co.* v. *Way*, 98 *Ga.* 746 (27 S. E. 167); *Erwin* v. *Ennis*, 104 *Ga.* 861 (31 S. E. 444); *Hicks* v. *Walker*, 105 *Ga.* 480 (30 S. E. 383).

3. The proper practice would have been for the plaintiff in fi. fa. to file two motions for a new trial, and then on denial of the motions, to bring the cases here by two separate bills of exceptions, one in each case; and since one motion for a new trial was made and the judgment overruling this motion was excepted to in a single bill of exceptions, this court, under repeated rulings of the Supreme Court and of this court, is without jurisdiction to entertain such bill of exceptions, and the writ of error must be dismissed. *Walker* v. *Conn*, 112 *Ga.* 314 (37 S. E. 403); *Brown* v. *Louisville & Nashville R. Co.*, 117 *Ga.* 222 (43 S. E. 498); *Center* v. *Fickett Paper Co.*, 117 *Ga.* 222 (43 S. E. 498); *Valdosta Guano*

*Co.* v. *Hart,* 119 *Ga.* 909 (47 S. E. 212) ; *Averitt* v. *Simpson,* 147 *Ga.* 352 (94 S. E. 242) ; *Allen* v. *Woods,* 44 *Ga. App.* 430 (161 S. E. 655) ; *Taylor* v. *Taylor,* 44 *Ga. App.* 580 (162 S. E. 401). See also, in this connection, *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857) ; *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879).

*Writ of error dismissed. Jenkins, P. J., and Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 29, 1932.

J. M. Lang, for plaintiff.   J. H. Paschall, for defendants.