23794. AMERICAN NATIONAL INSURANCE COMPANY *v.* BROWN *et al.*

JENKINS, P. J. Where two separate plaintiffs brought in the municipal court of Atlanta two separate suits against the same defendant for different amounts upon different policies of life-insurance, and separate answers were filed by the defendant; where, by agreement of counsel, the two cases were tried together, but were never consolidated by any order, and separate verdicts and judgments in favor of the plaintiffs were rendered, and separate orders overruling the defendant's motions for new trial were entered; and where from these orders the defendant took a single appeal to the appellate division of the municipal court, showing that the cases and the orders appealed from were separate, and a single judgment was entered by the appellate division, affirming the judgment of the trial court, but showing, in the heading of the judgment, that the two separate cases brought by the separate plaintiffs were thus determined, the decision, although embodied in one order, amounted to a distinct judgment in each case, or in any event must be treated as a judgment applying severally to each of the two cases; and this court, under repeated decisions, is without jurisdiction to entertain the single bill of exceptions brought to this court by the defendant in the trial court. Accordingly, the motion of the defendants in error to dismiss the writ of error must be sustained. *Erwin* v. *Ennis,* 104 *Ga.* 861 (31 S. E. 444) ; *Purvis* v. *Ferst,* 114 *Ga.* 689 (40 S. E. 723) ; *Wells* v. *Coker Banking Co.,* 113 *Ga.* 857, 858 (39 S. E. 298); *Martin* v. *Nichols,* 121 *Ga.*

506, 509 (49 S. E. 613); *Walker* v. *Conn*, 112 *Ga.* 314 (37 S. E. 403); *Beck* v. *Chenoweth-Holder Lumber Co.*, 170 *Ga.* 367 (152 S. E. 899); *Wall* v. *Mann*, 163 *Ga.* 42 (135 S. E. 407); *Jennings* v. *Longino*, 172 *Ga.* 696 (158 S. E. 565); *Allen* v. *Woods*, 44 *Ga. App.* 430 (161 S. E. 655); *Pearson* v. *Stamey*, 45 *Ga. App.* 87 (163 S. E. 264); *Paschal* v. *Morgan*, 19 *Ga. App.* 245 (91 S. E. 285). As to what would be the result if there had been an order consolidating the cases, it is unnecessary to determine, since no such question is presented by the record.

*Writ of error dismissed. Stephens and Sutton, JJ., concur.*

Decided September 20, 1934.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for plaintiff in error. *W. P. Bloodworth, John I. Hynds,* contra.

Stephens, J., concurring specially. I concur in the judgment of dismissal, because, under what appears to be the controlling authority of the Supreme Court, a judgment dismissing the writ of error is demanded. All cases should, where possible, be disposed of upon their substantial merits, and not upon questions of practice. I can see no sound reason why, when two cases have been tried together in the trial court, and the plaintiff in error in both cases is one and the same party, he should not be permitted to bring both cases to the Court of Appeals by one bill of exceptions. A determination of the questions presented is thereby rendered no more difficult or complicated than under a situation where there is admittedly only one suit with a multiplicity of plaintiffs or defendants, and the case is reviewed on one bill of exceptions in which several parties are jointly plaintiffs in error. The question is not one of this court's jurisdiction. This court has jurisdiction of the subject-matter. The plaintiff in error is sent away from this court not because he is not entitled to come here, but because he does not come here properly attired.

The consolidation of cases for trial, where they arise out of the same or similar transactions and there is more or less identity of issues and it is feasible to try them together, is permissible, and is a common practice in the trial courts. By such consolidation time and expense are saved. The same arguments apply to the consolidation of cases in the appellate court. It is the practice in this court, when cases tried together in the court below and which involve identical issues, are brought here on separate bills of exceptions, to assign both cases to one judge as a single case. This in

all probability would have been the direction given in the case now before the court, had it been brought here as two cases on separate bills of exceptions. In all probability both cases would have been disposed of by one opinion of the court, or, if an opinion had been written in one of the cases, it probably would have been cited as controlling of the decision in the other case.

I therefore see no reason for the obligatory and mandatory rule, as laid down in the controlling authorities, that it is the duty of the appellate court to refuse to consider a bill of exceptions in which are incorporated two cases which were tried together in the trial court. The matter is purely a question of practice, and has no relation to the substantial issues involved. It would seem that when two cases are consolidated and tried together in the trial court, it should at least be optional with the losing parties to come to the Court of Appeals either on a joint or on separate bills of exceptions. Where they come by one bill of exceptions, it should at least be discretionary with the Court of Appeals, if not obligatory on the court, to review the cases upon their substantial merits when in the bill of exceptions they are intelligibly presented.

What I have written is not meant in criticism of any one. In the exercise of my right as a judge of this court, I am simply expressing my disapproval of a rule of practice which I am bound to follow.