### 4432.   HEWITT *v.* THE STATE.

HILL, C. J.  1. The courts of this State may be divided into two classes: first, those courts which are expressly created by the constitution, such as the Supreme Court and the Court of Appeals, the superior courts, justice's courts, and courts of ordinary; and, second, such other courts as are authorized by the constitution to be established by legislative enactment, such as the city courts. The courts first above mentioned have an inherent power to define contempts, which power can not be abridged or taken away by legislative action. *In re Fite*, 11 *Ga. App.* 665 (76 S. E. 397); *Bradley* v. *State*, 111 *Ga.* 168 (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. R. 157). Courts of the second class mentioned, with reference to contempts, are restricted to the legislative classification set out in the Civil Code (1910), § 4643, and their power to define contempts or punish therefor does not extend to any cases not therein set out. *Bradley* v. *State*, supra.

2. The city court of LaGrange is not a constitutional court in the sense of having been expressly created by the constitution, but it was created by legislative enactment (Acts of 1899, p. 385), under authority given by the constitution to the legislature. It, therefore, has no inherent power to define contempts, but is limited to those set out in the Civil Code (1910), § 4643.

3. The alleged contempt of which the plaintiff in error was adjudged guilty, under the facts, is not included among the cases of contempt set out in § 4643, supra; and, for this reason, the judgment finding him guilty of contempt of court was contrary to law.

                                        *Judgment reversed.*
                DECIDED JANUARY 22, 1913.

Attachment for contempt; from city court of LaGrange—Judge Revill presiding.   November 1, 1912.

Pending the hearing of a motion for a new trial in the city court of LaGrange, in the case of one Daniel, who had been convicted therein of a misdemeanor, an attachment for contempt was issued by the presiding judge against Sam Hewitt, in which it was recited, that it appeared that, on a named day pending the

said motion for a new trial and before it was heard, Sam Hewitt, in the county of Troup, approached one A. G. Whitaker, a member of the jury in said case, whose alleged misconduct was made a ground of the motion for a new trial, and told Whitaker that if he could find any flaw in the jury that tried Daniel, so that Daniel could get a new trial, he (Whitaker) could make $50; and that, on a subsequent day, Hewitt again saw Whitaker, in LaGrange, Ga., and told Whitaker that if he could find a flaw in the jury, he (Whitaker) could get $500 as easily as $50. Hewitt demurred to the attachment generally, and on the ground, among others, that "the city court of LaGrange, not being a constitutional court, is restricted in its power to punish for contempt to the cases expressly enumerated in section 4643 of the Code of Georgia, and no charge is made against this defendant that comes within the provisions of said section." The demurrer was overruled, and the court, after hearing evidence, adjudged the defendant guilty of contempt, and imposed a fine, with the alternative of imprisonment. Hewitt excepted.

*M. U. Mooty, Arthur Greer,* for plaintiff in error.
*Henry Reeves, solicitor,* contra.