FLETCHER et al. v. CLEMENTS, executor, et al.

GEORGE, J. The general rule is that the discretion of the judge of a superior court in refusing to grant an interlocutory injunction on controverted issues of fact will not be controlled unless it has been manifestly abused. The case is within the general rule.

Judgment affirmed. All the Justices concur.
No. 546. MARCH 12, 1918.

Petition for injunction. Before Judge Crum. Irwin superior court. July 21, 1917.

Hendricks, Mills & Hendricks, Rogers & Rogers, Wall & Grantham, and E. K. Wilcox, for plaintiffs.

Eldridge Cutts and Quincey & Rice, for defendants.

---

CUTTER v. CENTRAL BANK AND TRUST CORPORATION et al.

GEORGE, J. In the present case a separate summons of garnishment was served on each of the defendants in error. Each garnishee filed a separate answer. A separate traverse of the answer of each was filed, one being a statutory traverse, and the other being in the nature of an equitable traverse. The issues were tried together; the court directed a verdict in favor of each of the garnishees, and separate verdicts and judgments were entered. The plaintiff filed one motion for new trial, alleging error in both verdicts and judgments. The motion was overruled; and the plaintiff filed a single bill of exceptions, making both garnishees parties thereto. Held, that the motion to dismiss the writ of error, based upon the foregoing facts, is meritorious and must be sustained. See Pupke v. Meador, 72 Ga. 230; Western Assurance Co. v. Way, 98 Ga. 746 (27 S. E. 167); Walker v. Conn, 112 Ga. 314 (37 S. E. 403); Brown v. Louisville & Nashville Railroad Co., Center v. Fickett Paper Co., 117 Ga. 222 (43 S. E. 498); Cole v. Stanley, 118 Ga. 259 (45 S. E. 282).

Writ of error dismissed. All the Justices concur, except Fish, C. J., absent.
No. 553. MARCH 12, 1918.

Writ of error; from Fulton. Motion to dismiss.

T. B. Higdon, W. T. Shore, and H. N. Fuller, for plaintiff.
Candler, Thomson & Hirsch, contra.