## FRIERSON *v.* DYE *et al.*

Where one cotenant made application for partition under the statute in such cases made and provided, and the writ of partition issuing thereon was executed and objections filed thereto by another tenant in common,

and while the issue thus made was pending one of the tenants in common filed an equitable petition to enjoin the proceeding at law, alleging grounds for equitable partition and showing why a partition should not be had at law, and praying injunction and other equitable relief against the other cotenants, this equitable petition constituted a separate and distinct case from the proceeding to partition at law; and the equitable petition having been dismissed upon general demurrer, the plaintiff, in order to have the judgment dismissing the petition reviewed here, should have brought his bill of exceptions for that purpose; and where the judgment of the court rendered after dismissing the equitable petition in the partition proceedings was adverse to the complainant, the latter could not have both judgments reviewed by a single bill of exceptions, and where he assigned error upon both of the rulings in a single bill of exceptions this court is without jurisdiction to entertain the same, and it must be dismissed.

No. 1705.   MAY 14, 1920.

Partition, etc.   Before Judge Hodges.   Elbert superior court. September 20, 1919.

Walter Dye filed for himself and others a petition for partition under the provisions of sections 5358 et seq. of the Civil Code, which relate to proceedings to partition, setting forth in said petition a description of the land to be partitioned and proper allegations as to the interest and title of the parties named in the petition as tenants in common.   R. E. Frierson at the same time presented his application for the partition of the same tract of land, naming Dye and others as defendants in the proceeding. These petitions were taken into consideration by the judge, and upon the petition of Dye and others the court appointed partitioners, granting leave to Frierson to file his petition for partition as a part of the record in the proceedings, which was done, and the writ of partition was issued in pursuance of the order referred to.   The partitioners after notice to all the parties at interest made a division of the land, and filed their report in the office of the clerk of the superior court on June 16, 1919.   On July 21, 1919, Frierson filed to the September term, which was the next regular term of court for that county, an equitable petition for partition in said court against Walter Dye and others. This petition contained prayers for an equitable partition of the land in question, set forth the interest of the cotenants in the land, the proceedings referred to above upon application of Dye to partition the land, the appointment of partitioners, and the

execution of the writ of partition; and alleged that petitioner was informed that several of the petitioners in the partition proceedings intended to file their objections to the report of the partitioners, on the ground that the partitioners were not authorized to make the division set forth in their report. The plaintiff in the equitable petition then alleged, that, there being doubt in his mind as to the question which would thus be raised, he brings his equitable petition to partition, against the same named parties who are the petitioners in the application aforesaid, for partition of the tract of land in question and petitioner's interest in the tract of land; also setting forth other grounds for an equitable partition of the land; praying that his petition be filed and allowed as an equitable intervention to the pending partition proceedings; that all the named defendants, their agents, associates, and confederates be restrained and enjoined from interfering with petitioner's peaceable possession of the part of the tract of land of which he is in possession until the final determination of this case; that he have judgment and decree establishing his title to 16-1/4 acres of the land, the part of the tract of land in question, upon equitable grounds; praying further, that, in the event judgment should not be had giving to petitioner the said 16-1/4 acres, and in the event the whole tract should by order of the court be sold, he be paid from the proceeds of the sale the sum of $5,000 for the improvements made on the land; that the status of petitioner in relation to the ownership of the building which he had placed upon the land be determined; that process issue, directed to the named defendants, requiring them to appear at the next September term of the court, to answer the petitioner's complaint. This petition was duly sworn to. Upon this petition the court granted a temporary restraining order. Process was issued and served. At the regular September term, 1919, a general demurrer to this petition was filed, which was sustained, and the petition was dismissed.

At the same term of the court Walter Dye and others filed objection to the report of the partitioners, and the court passed an order disposing of the report and the objections filed, in which order it was adjudged that the land in question could not be divided in kind fairly and equitably among the parties according to metes and bounds; and it was therefore ordered that it

be sold and the proceeds distributed in accordance with a con-temporaneous order issued.　　Frierson, the complainant in the equitable petition, sought to bring both cases to this court.　　In his bill of exceptions he assigned error upon the ruling of the court sustaining a demurrer to the equitable petition, and also upon the order and judgment passed in the partition proceedings.

*Grogan & Payne,* for plaintiff in error.　*W. D. Tutt,* contra.

BECK, P. J.　(After stating the foregoing facts.)　Under the rulings made in the cases of *Averitt* v. *Simpson,* 147 ʽGa. 352 (94 S. E. 242), and *Cutter* v. *Central Bank & Trust Corporation,* 147 *Ga.* 754 (95 S. E. 285), and the numerous cases cited, the bill of exceptions in this case must be dismissed on the ground that this court is without jurisdiction to entertain the same.　The partition proceeding set forth in the statement of facts was a statutory proceeding at law, and constituted an entirely distinct case from the cause presented by the equitable petition; and, conversely, the equitable petition presented a different case from that made by the application for partition filed by Walter Dye and others. The fact that the equitable petition is called an intervention in no way affects this ruling.　It was not an intervention; it set up distinct grounds for equitable interference and for injunction against the statutory proceeding to partition.　It sought injunc-tion against the applicants in the statutory proceeding; it sought to set up equitable grounds for setting apart to the petitioner a specified portion of the entire tract of land.　The petitioner was in no sense of the word an intervenor taking the case as he found it, but sought to show that the statutory proceedings for partition were insufficient to give him the relief to which he was entitled, and sought to have this common-law remedy enjoined.　If the demurrer to the petition had not been overruled and the peti-tion had prevailed, the common-law case would have disappeared. But the demurrer to the equitable petition was sustained, and the petition dismissed.　If the petitioner wished to stand upon his rights as set forth in the equitable petition, he should have ex-cepted to that single question in a separate bill of exceptions. He could not merely file pendente-lite exceptions, and then, after a trial of the statutory proceeding for partition and an adverse decision in that, assign error upon the judgment rendered in the partition proceedings and have both cases disposed of upon a

review here in a single bill of exceptions. The questions here disposed of are covered by the cases of *Averitt* v. *Simpson* and *Cutter* v. *Bank,* supra, and the cases there cited.

*Writ of error dismissed. All the Justices concur.*